[Sac. No. 2265. Department Two.—November 23, 1916.]

ABSTRACT AND TITLE GUARANTY COMPANY, Appellant, v. STATE OF CALIFORNIA, Respondent.

INHERITANCE TAX — ACTION AGAINST STATE TO QUIET TITLE AGAINST LIEN—EVIDENCE OF VALUE OF LAND DEEDED—TRANSFER IN CONTEMPLATION OF DEATH. — In an action against the state, brought under the provisions of subdivision "A" et seq. of section 29 of the inheritance tax law of 1905 (Stats. 1905, pp. 341, 351), to quiet the plaintiff's title to land against the state's claim of lien of an inheritance tax, in which the defendant averred that the

deed upon which the plaintiff's claim of title was founded had been made by the grantor in contemplation of death and in lieu of a testamentary disposition of the land, evidence is admissible on behalf of the defendant to show the value of the property deeded. The exclusion of such evidence does not render unsupported a finding of inadequacy of consideration, where it was shown by the plaintiff's own witnesses, that the land was of a greater value than five hundred dollars, and therefore not exempt, under proper conditions, from an inheritance tax.

ID.—MEANING OF WORDS "CONTEMPLATION OF DEATH"—ADEQUACY OF CONSIDERATION.—The words "contemplation of death," as used in the inheritance tax law of 1905 imposing a tax on transfers of property made in contemplation of death, should not be construed in the limited sense of that expectancy which actuates a person in making a gift *causa mortis*. In determining whether a transfer was so made, the adequacy of the consideration is an essential element to be considered.

ID.—EVIDENCE—FINDINGS.—The evidence in this case supports the findings that the deed in question was one of gift, that it was made without adequate consideration, and was executed in contemplation of death.

APPEAL from a judgment of the Superior Court of Madera County, and from an order refusing a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

Robert L. Hargrove, G. J. Hely, John N. Anderson, and Frank Kauke, for Appellant.

W. H. Larew, and Robert A. Waring, for Respondent.

MELVIN, J.—Plaintiff sued under the provisions of subdivision "A" et seq. of section 29 of the inheritance tax law of 1905 (Stats. 1905, pp. 341, 351) to quiet its title to the real property described in the complaint, against the state's claim of lien of an inheritance tax. Defendant by its answer averred that the deed upon which plaintiff's claim of title was founded had been made by the grantor in contemplation of death, and to take the place of a testamentary disposition of the realty. After trial upon the issues joined judgment was given in favor of the state. Plaintiff appeals from the judgment and from an order denying its motion for a new trial.

Plaintiff's asserted title is derived through mesne convey-
ances from the Hely Estate Company, a corporation of which
Gorges Hely's three sons and only heirs are the sole stock-
holders, each holding an equal proportion of the stock.   The
important document upon which plaintiff's alleged title de-
pends is a deed from Gorges Hely to the Hely Estate Com-
pany dated July 10, 1908, and recorded soon thereafter.
Plaintiff offered this deed in evidence.   In it the grantor
Gorges Hely was described as "the party of the first part,"
and the corporation as "the party of the second part."   It
provided that "for and in consideration of the sum of ten
dollars gold coin, to him in hand paid by the party of the
second part, the receipt whereof is hereby acknowledged, as a
further and additional consideration the agreement on the
part of the party of the second part to and with the first
party that the second party will care for, maintain and sup-
port in a proper and suitable manner during the balance of
his life the first party, said first party does by these presents,
grant, bargain, sell, convey and confirm unto said party of
the second part."   After introducing at the trial the other
record evidence of its title, plaintiff placed J. H. Hely on the
witness-stand, and he testified that following the 10th of
June, 1908, the Hely Estate Company commenced to pay off
the indebtedness on the land described in the deed.   He
enumerated payments amounting to more than seventeen
thousand dollars, some of them made before but more of them
after the grant to the corporation by Gorges Hely.   He testi-
fied: "The amount of the indebtedness of my father, Gorges
Hely, at the time this deed was made to the Hely Estate Com-
pany was, I think, about $23,000."   He did not state, how-
ever, that the assumption of the debts of Gorges Hely was a
part of the consideration for the conveyance of the land to his
corporation.   Plaintiff then rested.

Thereafter the defendant introduced its evidence, and the
court gave judgment in its favor based upon findings that at
the time of the conveyance to the family corporation Gorges
Hely was eighty years old; that his physical condition was
such that, if a reasonable man, he must have apprehended
that death was likely to occur at any time; that without any
material change or improvement in his physical condition
death did occur a little more than six months after the exe-
cution of the deed; that the deed operated as a transfer of all

property owned by Gorges Hely at the time; that the transaction was not a sale; that the transfer was not made for a valuable consideration; that the agreement made by the corporation to care for the old man for the remainder of his life was *ultra vires* and void; that the conveyance was made in contemplation of death; and that it was made in lieu of a testamentary disposition of the property. As a conclusion of law the court determined that the state of California had a lien on the land for an inheritance tax and it was so adjudged.

Appellant calls attention to the difference between the phraseology of the inheritance tax law of 1905 and that of 1911 [Stats. 1911, p. 713], and insists that since the former act is applicable to this case, we may interpret the words "contemplation of death" in the limited sense of that expectancy which actuates a person in making a gift *causa mortis*.

We are also reminded that the words "made without valuable and adequate consideration" which are applied to gifts specified in the later act do not occur in the earlier statute, and appellant suggests that adequacy of consideration is not an essential element to be dealt with in this action under the law of 1905. Both of these contentions have been considered by this department in *Estate of Reynolds*, 169 Cal. 600, [147 Pac. 268], and there rejected. In the opinion in that case Mr. Justice Henshaw said of the amendment of 1911 regarding want of valuable and adequate consideration: "the amendment served but to clarify and not to change the pre-existing law." Of the amendment adding to the law an express definition of the words "contemplation of death" he said: "This amendment also served the purpose of elucidating without changing the law, by giving fuller expression to the legislative intent and meaning."

Another and more serious attack upon the court's findings made by appellant is that the value of the property was not shown, and that therefore the finding of inadequacy of consideration is not supported. The record reveals the fact that the defendant sought to prove the value of the land involved in this controversy by Mr. Bordon, county treasurer of Madera County, and a person familiar with land values in that county. The court sustained an objection to the question upon the ground that no definite and specific sum had been proven as a consideration for the transfer of the prop-

erty, but only the nominal monetary payment of ten dollars and the agreement on the part of the grantee to care for the octogenarian invalid, and that therefore the value of the land in money was not involved. This was error. The evidence was material. It is true, as the court ruled, that if an inheritance tax was due, an appraisement would be necessary; but it was proper for the defendant to show, in a case of this sort, the amount and value of property deeded by the old man to his sons in return for their promise to support him. But the error did not injure the appellant, because it had shown by its own witnesses that the land was of a greater value than five hundred dollars and therefore not exempt, under proper conditions, from an inheritance tax. In the first place the situation was such and the acreage was so great as to amount to some proof of substantial value. It would be very difficult, if not impossible, to find two thousand acres of ranch land in Madera County which was of a value less than five hundred dollars at the time when this tract of that extent was transferred. Plaintiff's own witness, J. H. Hely, testified that the grantee paid a mortgage indebtedness the principal amount of which was $3,160. That mortgage was upon a portion only of the land described in the complaint, that is "on the west half of section 16 in township 12 south of range 18 east," as Mr. Hely said while a witness for the Abstract and Title Guaranty Company. If 320 acres of the land would support such a mortgage, surely there was some evidence that the tract was of much greater value.

But it is contended that the state should prove a value of more than five hundred dollars beyond the twenty-three thousand dollars which the grantor owed when he made the transfer of the land. Plaintiff neither alleged nor proved that the assumption of the debts of Gorges Hely was a part of the consideration for the conveyance of the land to the Hely Estate Company. It proved by J. H. Hely the amount of those debts, and that some of them had been paid by the corporation, but the only proof of consideration was that involved in the introduction of the deed itself. Upon this *prima facie* showing the defendant was entitled to attack the expressed consideration as the true one. The attack was successful, and the court's finding in this regard was supported by abundant testimony. It was shown by the statements of the physicians who attended him at about the time when the deed was exe-

cuted that Gorges Hely, who was eighty years of age, was very feeble. He was a sufferer from Bright's disease, and his circulatory organs were in a state of arterial sclerosis, resulting in a functional derangement of all the organs. He was unable to care for himself. A nurse, who attended him during the last six and a half months of his life, said that he only uttered the words "Yes" and "No" during that period, and was not able to hold an intelligent conversation. There was some evidence of his ability to read books at about this time, but there was abundant testimony of his great physical feebleness. Upon the evidence and under the principles declared in *Estate of Reynolds,* 169 Cal. 600, [147 Pac. 268], we must hold that the essential findings are supported. These were in substance that the deed was one of gift; that it was made without adequate consideration; and that it was executed in contemplation of death.

The appellant objects to the finding that the agreement of the Hely Estate Company to care for Gorges Hely was void as being *ultra vires,* and calls our attention to that part of the articles of incorporation of the said company declaring one of its purposes to be as follows: "To execute, accept or complete contracts, documents, or instruments of all kinds." It is not necessary for this court to decide whether or not this finding is supported, because the judgment does not invalidate the deed from Gorges Hely to the corporation composed of his sons who were also his sole heirs. The other findings amply support the judgment fixing the state's lien and, therefore, conceding the correctness of appellant's position relative to the finding of *ultra vires,* we cannot see how it has harmed the Abstract and Title Guaranty Company.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.