No. 418
TAX COMMISSION v. CLARK, Exec.
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2718. Decided Jan. 18, 1926

1156. TAX COMMISSION—1. Actual market value construed to mean actual value of stock, for purpose of inheritance tax, when stock is not on market for sale.

2. Error, for court to assume as basis for determination of value of stock, its dividend earning capacity.

CUSHING, J.

Jesse Clark died Sept. 25, 1921 owning 8,567 shares of capital stock in the Union Central Life Insurance Co. The par value of the stock was $20 a share.

The Probate Court, acting under the inheritance tax statutes, directed the Auditor to appraise the property at its actual market value; and the Auditor found its value to be $25 per share. The Probate Court appraised the property de novo and fixed its value at $40 per share.

The Hamilton Common Pleas, on appeal, found the value to be $30 a share, on the theory that the payment of cash dividends on the stock was the basis of its valuation. The Tax Commission prosecuted error to reverse this judgment and the Court of Appeals held:

1. Section 5341 GC. provides that the property is to be appraised at its actual market value.

2. Since the stock of this Company was not for sale or offered on the market, means other than by sale would have to be resorted to in order to determine the actual market value.

3. To appraise means to value property at what it is worth so that actual market value means actual value.

4. The cash dividends on the stock would not be the criterion by which the property should be valued for inheritance tax purposes, nor is the earning capacity of the Company the proper basis for fixing the value of the stock.

5. The actual market value will be construed to mean actual value only for the purpose of taxation; the right to succession being based upon the tax paid.

6. The ascertaining of the actual value of the capital stock is left to the judgment of the appraisers who have a right to resort to all tests and measures of value which men ordinarily adopt for business purposes in estimating values of property.

7. The right of succession was to be based on the payment of the tax of the actual market value which value should be fixed from a consideration of the fact that stockholders own the capital stock, its surplus and franchise; and not in assuming the dividend earning capacity as the basis for fixing valuation.

Judgment reversed and cause remanded.

Attorneys—Chas. S. Bell and Sylvester Hickey for Commission; Robert Ramsey, John R. Schindel and Stanley K. Henshaw for Clark; all of Cincinnati.

No. 419
YANNELLI v. PASKELL et
Ohio Appeals, 5th Dist., Perry Co.
No. 148. Decided Mar. 25, 1926

997. REAL ESTATE—Owner of subsurface coal has right to use surface lands for removal of such coal and injunction will lie against surface land owner if he attempts to prevent its exercise.

HOUCK, J.

Charles Yannelli, owner of the coal under lands which were owned by John Paskell, brought this action in Perry Common Pleas to enjoin Paskell from interfering with his rights in mining said coal.

It appears that Paskell refused to permit Yannelli to go upon the land to make necessary openings for the purpose of removing the coal owned by the said Yannelli.

Both Paskell and Yannelli had acquired their interest in this land from a common grantor, the grant to Yannelli giving him right to use so much of the surface as was necessary to mine and remove the coal granted to him. The grant also stipulated that he would in no wise be liable for the falling in of the surface.

Paskell asserts that he had made valuable permanent improvements on the surface which would be injured by the further mining of coal on said lands. Common Pleas refused to grant the injunction and Yannelli appealed. Court of Appeals held:

1. Owner of subsurface coal may remove same at such places as he may think proper and to his best interests.

2. Such removal must be without wanton and intentional damage to the rights of the owners of the surface lands.

3. The rights of the parties to this action are fixed by their respective grants from the common grantor.

4. Courts of equity cannot change these rights just because permanent and lasting improvements were made.

5. The owner of the coal has the right under his grant to the use of the surface land to aid him in mining such coal and injunction granted to restrain surface owner from interfering with such right.

Attorneys—J. L. Meenan, New Lexington, for Yannelli; J. E. Powell, New Lexington, and T. O. Crossan, Zanesville, for Paskell.