### HEAFEY et al. v. ALLEN, Collector of Internal Revenue.

District Court, D. Nebraska, Omaha Division. August 1, 1929.

No. 2192.

Herman Aye, of Omaha, Neb., for plaintiffs.

James C. Kinsler, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., for defendant.

WOODROUGH, District Judge. The brothers, Patrick C. Heafey and Morgan Heafey, carried on their undertaking business in Omaha for many years in partnership, and at the time of Morgan Heafey's death in 1917 he had three of his sons employed in the business. Patrick's interest in the partnership was 60 per cent., and Morgan's 40 per cent. After Morgan's death in 1917, the business was carried along until March, 1920, under the old name, and without regard to the technical dissolution by the death. In March, 1920, a corporation entitled Heafey & Heafey, Inc., was organized, and by sufficient conveyances the assets that had belonged to the partnership were turned over to the corporation and its stock issued therefor, 60 per cent. to Patrick and 40 per cent. to the successors in interest of Morgan. Thereafter the business has gone on and continues as a corporation. The par value of the corporate stock issued was $100,000, of which $60,000 was issued to Patrick. It was stipulated that on March 1, 1913, the assets of the partnership were of the value or cost of $24,753.21. Appraisers for the tax commissioner lay the value of the tangible prop-

942

erty turned to the corporation at $73,090.52. The government contended that 60 per cent. of the difference was income of Patrick C. Heafey, accruing to him for that year by reason of the transaction. Accordingly, assessment and levy were made, the tax collected under protest, and this action is to recover it back from the collector.

The plaintiff claims that the transfer of Mr. Heafey's partnership interest to the corporation, and the issuance of the stock to him, effected a change in the form of his interests, but not the substance; that it resulted in no gain or profit to him, nor did he thereby realize upon increases of partnership property accruing between the year 1913 and 1920.

It appears that Morgan Heafey left surviving him, interested in his estate, his widow and other children, besides the three sons who were employed in the undertaking business, and it is very apparent, as set out in the petition in this case, that the incorporation of the business was merely a family arrangement of a family matter. The value of the undertaking business was as a unit and a going concern, and the incorporation offered the ordinary means of providing a head and management and the continuation of the business. The technical dissolution of partnership worked by Morgan Heafey's death, and the large number of persons who had become entitled to a share, the obvious interest of Morgan's three sons employed in the business, and all the circumstances clearly demonstrate that the incorporation was simply a paper transaction to safeguard existing interests.

The proof is clear that the stock of the corporation never had a market or a market value. The undertaking business in question is and was largely a personal service business, dependent upon the Heafeys themselves for its success, and its incorporation neither added to nor changed the real and substantial condition. The evidence persuades me that Mr. Heafey had no better chance to sell or realize cash or its equivalent for his stock in the corporation than he had to sell his undivided fractional interest in the business before incorporation. The particular facts in the case demonstrate that the substitution of shares of stock in the corporation for the shares in the partnership operated to change the form of the holdings, and not the substance, and to provide a head and management for the business, and they were paper transactions, occasioning no gain or profit assessable for income tax. As stated by Holmes in his work on Federal Taxes (1923)

p. 550, "frequent decisions in the United States courts, including the Supreme Court, disregard paper transactions for income tax purposes."

The government cites many cases where, for inheritance tax purposes, a determination can and must be made of the value of the shares of stock in such a corporation as Heafey & Heafey, Inc., by reference to the value of the physical property of the corporation, its success, earnings, and so forth. In re Felton's Estate, 176 Cal. 663, 169 P. 392; In re Jones' Estate, 172 N. Y. 575, 65 N. E. 570, 60 L. R. A. 476; In re Dupignac's Estate, 123 Misc. Rep. 21, 204 N. Y. S. 273; Tax Commission v. Clark, 20 Ohio App. 166, 151 N. E. 780. Also other cases in which, for the stock acquired, the taxpayer actually, by sale or otherwise, obtained cash or its equivalent. Langstaff v. Lucas (D. C.) 9 F.(2d) 691; Id. (C. C. A.) 13 F.(2d) 1022; Marr v. U. S., 268 U. S. 536, 45 S. Ct. 575, 69 L. Ed. 1079.

But none of these appear to be relevant to this particular case. This case must be ruled in favor of the plaintiff, under Bourn v. McLaughlin (D. C.) 19 F.(2d) 148, and Tsivoglou v. U. S. (D. C.) 27 F.(2d) 564. In those cases the court sets out the statutes and regulations which determine the controversy here, and it is unnecessary to repeat them.

Judgment must go for the plaintiff as prayed.

The findings of fact requested by plaintiff will be made.