[Civ. No. 17312. First Dist., Div. One. July 8, 1957.]

Estate of ETHEL A. RODDA, Deceased. ESTELLE KRATZ, Appellant, v. CHARLES HENRY WESTON et al., Respondents.

John P. Doran for Appellant.

Otto A. Hoecker and Frank Ilgenfritz for Respondents.

WOOD (Fred B.), J.—Estelle Kratz has appealed from a judgment which dismissed her contest of the probate of a will dated October 1, 1954, based upon findings (1) that contestant is not a "person interested" in the estate and (2) that there is no merit to the contest.* Appellant also gave notice of appeal from a subsequent order which admitted the will of October 1, 1954, to probate.

---

*This judgment was rendered upon granting (1) a motion to dismiss the contest for contestant's lack of interest in the estate and (2) a motion for summary judgment upon the ground that the contest is without merit.

█ We will consider first the finding that contestant is not a ''person interested'' in the estate. The quoted expression derives from Probate Code, section 370, which declares that any ''person interested'' may contest a will. Such a person ''is one who has an interest of a pecuniary nature which may be impaired or defeated by the probate of the will or benefited by setting it aside,'' such as an heir or a legatee under a prior will. (*Estate of Harootenian,* 38 Cal.2d 242, 248 [238 P.2d 992]. See also *Estate of Plaut,* 27 Cal.2d 424, 425-426 [164 P.2d 765, 162 A.L.R. 837], and *San Diego Trust & Sav. Bank* v. *Heustis,* 121 Cal.App. 675, 681 [10 P.2d 158].)

█ This issue may be tried by the court prior to the trial of the validity of the will which is offered for probate and the court may dismiss the contest if an insufficient showing is made that the contestant is an interested person. (*Estate of Land,* 166 Cal. 538 [137 P. 246]; *Estate of Sherwood,* 123 Cal.App.2d 209 [266 P.2d 580].) In this case as in the Sherwood case the contestant interposed no objection to the determination of this issue in this manner. █ At the hearing of the motion to dismiss the contest and the motion for summary judgment, contestant agreed to and did submit the motions upon the affidavits and the memoranda of points and authorities on file. In such a case the function of a reviewing court is to determine whether there is in the affidavits evidence sufficient to support the trial court's finding that contestant is not a person interested. The same rule obtains as when the trial court's findings are based upon oral testimony. (*Union Supply Co.* v. *Morris,* 220 Cal. 331, 338 [30 P.2d 394]; *Goes* v. *Perry,* 18 Cal.2d 373, 378 [115 P.2d 441]; *Mann* v. *Pacific Greyhound Lines,* 92 Cal.App.2d 439, 444-445 [207 P.2d 105]; 2 Cal.Jur. 931-932, Appeal and Error, § 547.)

█ The evidence supports an implied finding that contestant is not an heir of the decedent. Alfred Rodda, in his affidavit, states that he is a brother of the decedent and that contestant is a ''stranger in blood to'' the decedent and ''is not related to'' decedent ''by blood, marriage, consanguinity, or otherwise.''

The only other basis for an interest in the estate was a will allegedly executed in 1946 under which contestant claimed as a legatee. There is evidence sufficient to support an implied finding that the 1946 will was no longer in existence at the time of decedent's death.

█ The attorney who drafted that will stated in his

affidavit that he prepared it for the decedent in August, 1946, that on the 19th of that month decedent executed it and affiant delivered it to her, keeping only an unsigned carbon copy, that she took the original from his office, he has not seen it since and has no knowledge or information concerning the existence or the whereabouts of that document. The special coadministrators testified in their affidavits that they opened the decedent's safety deposit box in the presence of a representative of the state controller's office and other persons and that the 1946 document was not in the box. The coadministrators also said they made a thorough search of the house and of the effects of decedent and did not find the 1946 document. Two inferences arise from these facts: "(1) that the will was destroyed by the testator [testatrix], and (2) that the act of destruction was done *animo revocandi.* (*Estate of Johnston,* 188 Cal. 336, 339, 340 [206 P. 628]; *Estate of Moramarco,* 86 Cal.App.2d 326, 334 [194 P.2d 740]; 26 Cal.Jur. 807, § 141.)" (*Estate of Arbuckle,* 98 Cal.App.2d 562, 566 [220 P.2d 950, 23 A.L.R.2d 372]. See also *Estate of Ronayne,* 103 Cal.App.2d 852, 856 [230 P.2d 423].)

In view of this conclusion it is unnecessary to consider other questions discussed by the parties. The appeal from the order admitting the 1954 will to probate falls with the appeal from the judgment of dismissal.

The judgment and the order appealed from are affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied August 7, 1957, and appellant's petition for a hearing by the Supreme Court was denied September 4, 1957.