[Civ. No. 24610.   Second Dist., Div. One.   Nov. 7, 1960.]

WINCAR WELDERS (a Partnership), Appellant, **v.** ROBERT LEEBRICK et al., Respondents.

Robert E. Krause and Leslie B. Joseph for Appellant.

Charles F. Legeman for Respondents.

FOURT, J.—This is an appeal from the judgment entered against plaintiff as to all defendants except the Begs Oil Tool Rental, Inc.

On March 20, 1958, plaintiff filed a complaint wherein common counts were pleaded against the following defendants: "ROBERT LEEBRICK, RICHARD LEEBRICK, and GENE HANCOCK, individually, and doing business as BEGS OIL TOOL RENTAL, INC.; ROBERT LEEBRICK and RICHARD LEEBRICK, individually, and doing business as LEEBRICK & FISHER, INC.; BEGS OIL TOOL RENTAL, INC., LEEBRICK & FISHER, INC.," and naming as other defendants Does I through IV. Plaintiff alleged some 10 separate and distinct causes of action against "DEFENDANTS AND EACH OF THEM." This court, pursuant to the Rules on Appeal, has ordered to this court the original superior court file and proceedings.

The defendants, ROBERT LEEBRICK, RICHARD LEEBRICK and GENE HANCOCK, individually and doing business as BEGS OIL TOOL RENTAL, INC.; ROBERT LEEBRICK and RICHARD LEEBRICK, individually and doing business as LEEBRICK & FISHER, INC.; LEEBRICK & FISHER, INC.; filed an answer on April 18, 1958. The answer consisted of general and special denials to each and every allegation of plaintiff's complaint.

A default judgment was entered against BEGS OIL TOOL RENTAL, INC., on February 3, 1959. The pretrial conference order filed February 16, 1959, provides in pertinent part as follows:

"Pre-Trial Conference Order.

"In the Superior Court . . .

"    .    .    .    .    .    .    .    .    .    .    .    .

"This is a complaint for money (common counts).

"The complaint is dismissed as to the fictitious defendants. The pleadings are proper and the issues joined.

"Plaintiff contends as follows: His first five causes of action are common counts for goods, wares, merchandise and services in the amount of $10,410.49, upon which $1,416.36 has been paid or credited; the second five causes of action are common counts upon an assigned claim of J. B. Nelson for goods, wares, merchandise and services in the amount of $7,064.21 upon which $1,764.21 has been paid.

"    .    .    .    .    .    .    .    .    .    .    .    .    .

"The default of defendant No. 6 (*i.e.* Begs Oil Tool Rental) has been entered.

"The other defendants deny all of the allegations of plaintiff's complaint, contending that the first five causes of action are for two portable units for mounting desanders, which were ordered by one Ernest Snyder who was an employee of defendants 5 and 6 (i.e. Leebrick & Fisher, Inc., a corporation and Begs Oil Tool Rental, Inc., a corporation), solely for defendant No. 6, and that the second five causes of action are for work ordered by Snyder from J. B. Nelson solely for defendant No. 6.

"The parties agree:

"1. . . .

"2. That defendants 5 and 6 are corporations.

"3. That prior to filing the complaint J. B. Nelson assigned his claim for $5,300 against defendant plaintiff [*sic*].

"    .    .    .    .    .    .    .    .    .    .    .    .    ."

As to all defendants other than Begs Oil Tool Rental, a trial was had on the merits. The trial judge very succinctly summarized the facts when he stated:

". . . [T]here are two separate entities (i.e. Begs Oil Tool Rental Inc., and Leebrick & Fisher, Inc.), both of them represented by one individual (i.e. Mr. Ernie Snyder), both of them in one office and a salesman from (plaintiff) . . . calls upon . . . (Mr. Snyder) and . . . (plaintiff) finally ends up building . . . equipment. . . .

"Now, the one side contends they were dealing with X. The other side contends it was Y. Now, what does the testimony show?"

Counsel for *appellant* prepared the findings. The findings provide in pertinent part as follows:

"VII

"That . . . Plaintiff did fabricate and did sell and deliver to Defendants Begs Oil Tool Rental, Inc., a corporation, goods, wares and merchandise of the reasonable value of $10,410.49 for which Defendants agreed to pay Plaintiff.

"VIII

". . . [T]hat no part of said sum has been paid or credited except the sum of $1,416.36 and that there is now due, owing and unpaid to Plaintiff from Begs Oil Tool Rental Inc., a balance of $8,994.13 together with interest . . .

"IX

". . . [T]hat the Plaintiff sold and delivered to Defendants BEGS OIL TOOL RENTAL, INC., *only* goods, wares and merchandise for which BEGS OIL TOOL RENTAL, INC., *only* agreed to pay Plaintiff in the sum of $10,410.49. (Emphasis added.)

"X

". . . [T]hat an account was stated *only* by and between the Plaintiff and BEGS OIL TOOL RENTAL, INC. (Emphasis added.)

"XI

". . . [T]hat the Plaintiff furnished to Defendants BEGS OIL TOOL RENTAL, INC. at their special instance and request *only*, upon an open book account, goods, wares and merchandise of the agreed and reasonable value of $10,410.49. (Emphasis added.)

"XII

". . . [T]hat Defendants BEGS OIL TOOL RENTAL, INC. *only* became indebted to the Plaintiff in the sum of $10,410.49, as a commercial fabricater [*sic*] and welder." (Emphasis added.)

The conclusions of law are consistent with the above findings of fact.

Appellant neither asserts that the evidence was insufficient to support the findings nor that the conclusions of law are contrary to the findings. Appellant does assert that the "trial court erred in ruling that under the pleadings it had no jurisdiction to make any ruling against any individual defendant" and that, therefore, this court must assume that the trial court "*disregarded* the admitted facts concerning the failure to issue stock, late issuance of the permit to issue stock, insufficient capitalization, and the injustice to plaintiff should the separate entities not be disregarded." In effect appellant contends that the trial court failed to consider evidence which could justify a piercing of the corporate veil. The reporter's transcript indicates that the following was said by the judge:

"THE COURT: . . . [T]his court has no jurisdiction under the present pleading to make any ruling against any individual —— . . . The facts here before the Court show—or what do the facts, the evidence before the Court indicate as to whom the plaintiff was dealing with? He was dealing with somebody. . . ."

And, at another time the judge said:

"THE COURT: On the *alter ego,* and the *alter ego,* I don't think that has any application here at all because you can't have an *alter ego* with four people over here and a different set of four on the other side. . . ." (Emphasis added.)

This court will not presume (or as appellant states, "assume") that the trial court erred. ▇ Appellant's contention is answered by *Oldis* v. *La Societe Francaise,* 130 Cal. App.2d 461 [279 P.2d 184], wherein the court stated at page 472:

" 'No antecedent expression of the judge, whether casual or cast in the form of an opinion, can in any way restrict his power to declare his final conclusion in the only manner authorized by law, to wit, by filing the "decision" (findings of fact and conclusions of law) provided for by section 632 and 633 of the Code of Civil Procedure.' (*Scholle* v. *Finnell,* 173 Cal. 372, 376 [159 P. 1179].)

"In such a case the inquiry is not the speculative one of endeavoring to ascertain whether or not assertedly erroneous concepts putatively indicated by the opinion persisted in the mind of the judge and infected the findings which he later formulated and filed." (See *DeCou* v. *Howell,* 190 Cal. 741, 751 [214 P. 444] ; *Strudthoff* v. *Yates,* 28 Cal.2d 602, 615 [170 P.2d 873] ; *Stone* v. *Los Angeles County Flood Control Dist.,* 81 Cal.App.2d 902, 907 [185 P.2d 396].)

▇ The latter quoted statement of the judge would seem to indicate that the trial court did consider *"alter ego."* It was counsel for *appellant* who prepared the findings, and he does not and could not complain that there was no express finding on that issue. Appellant on its motion for a new trial again raised the *"alter ego"* contention.

Whether or not the corporate entity may be disregarded is within the province of the trial court. ▇ As stated in *Stark* v. *Coker,* 20 Cal.2d 839 at page 846 [129 P.2d 390]:

". . . The conditions under which the corporate entity may be disregarded, or the corporation be regarded as the *alter ego* of the stockholders, necessarily vary according to the circumstances in each case inasmuch as the doctrine is essentially an equitable one and for that reason is particularly within the province of the trial court."

For the reasons stated the judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.