[Civ. No. 4578.   Third Appellate District.—January 5, 1933.]

LOUIS  H.  MESSENKOP,  Respondent,  v.  KATHLEEN DUFFIELD  et al., Appellants.

D. A. Knapp for Appellants.

Alvin W. Wendt and Dexter & Wendt for Respondent.

TUTTLE, J., *pro tem.*—This action was brought to quiet title to a parcel of land in Los Angeles County.  The court found for plaintiff upon all issues raised, and judgment was entered accordingly.  The appeal is prosecuted from said judgment.

The grounds relied upon for reversal are somewhat vaguely stated. Neither in the topical index nor in any subheading of appellants' opening brief is there any clue to the position of appellants upon this appeal. Reading the brief throughout aids little in this inquiry. We *can* gather, however, that appellants seek to attack certain findings of the trial court, and we shall endeavor to dispose of that contention. Practically the entire time of appellants is occupied with the presentation of matters which, under the circumstances, were within the exclusive province of the trial court.

On April 23, 1927, appellant executed her note for $3,600, payable eighteen months from date, together with a trust deed covering the property in dispute, in favor of W. L. Milne. Thereafter Milne delivered to the trustee a written declaration of default and demand for sale. Thereafter, and on March 30, 1928, a notice of breach and election to sell was duly recorded. A sale was had under the terms of said trust deed, upon August 7, 1928, and respondent bid the property in for the sum of $2,000. Thereafter, a trustee's deed, reciting all these facts, was duly executed to respondent. The trust deed contained the provision that, "The recitals in such deed or deeds of any matters or facts affecting the regularity or validity of said sale shall be conclusive against the persons as to all matters or facts therein recited."

At the trial plaintiff's source of title was his deed received pursuant to said sale. The chief contention made by appellant was that she was not in default, and the sale was therefore void. She also attempted to prove that respondent was a purchaser with notice, and had conspired with Milne to deprive her of her property through a fraudulent sale.

The complaint is the ordinary form to quiet title, though plaintiff prays for possession and the recovery of the rental value of the lot during the time that appellant has had possession. The answer denies the foregoing allegations, and sets up four affirmative defenses. The first states that appellant was not in default when the sale under the trust deed was had. The second alleges that the trustee and beneficiary under said deed were guilty of fraud in making a statement of the amount due when the notice of intention to sell under the trust deed was filed. The third charges

that the trustee and beneficiary conducted a fraudulent sale, and "connived together" for that purpose. The fourth alleges that the transactions relating to the trust deed are in violation of the Usury Law. In addition, appellant filed a cross-complaint, bringing Milne into the case, and setting forth, in the first cause of action, page after page of evidentiary matter purporting to show that when notice of sale was recorded and the sale had, the indebtedness, for which the trust deed was given to secure, had been fully paid. The second cause of action alleges violation of the Usury Act, and seeks damages in the sum of $3,709.68. The third cause of action seeks damages on account of the alleged fraudulent sale, in the sum of $3,000.

Taking up what we conceive to be the contentions of appellant, it is first urged that the finding to the effect that plaintiff bid the sum of $2,000 for the property, and that the trustee conveyed the property to the respondent "are not true to the evidence nor to the oral opinion of the court". In an endeavor to show that Milne was the real purchaser, and not respondent, certain portions of respondent's testimony upon cross-examination are quoted. The testimony of this witness is branded by appellant as "positive perjury". The attack is made upon the credibility of the witness, a matter with which this court has nothing whatever to do. There is abundant evidence in the record to support this finding. As to the oral opinion of the trial judge, it is no ground for reversal that such opinion is in conflict with the findings. It cannot be used to impeach them. (24 Cal. Jur., p. 924.)

Appellant states that finding IX "is in reality but a special pleading, false to any issue of fact or of law in the case at bar". This finding relates to the amount advanced under the trust deed, in the following language: "That said defendant and cross-complainant, Kathleen Duffield, after being given proper credits for all moneys paid upon said note and trust deed by her, was in default on and under said deed of trust." Nine pages of the brief are taken up with an intricate and involved argument upon the facts as appellant sees them. Prior financial transactions, covering a number of years, are given with the most meticulous detail. Unfortunately for appellant, the trial judge did not look upon this evidence in the same light. An ex-

amination of the record discloses a conflict in the evidence upon this matter of finances, and the finding in question has adequate evidentiary support.

The judgment is affirmed.

Thompson (R. L.), J., and Pullen, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 2, 1933.