[Civ. No. 14828.   Second Dist., Div. Two.   Nov. 27, 1945.]

MORRIS BUCKHANTZ, Appellant, v. R. G. HAMILTON & COMPANY (a Corporation), Respondent.

Dudley Robinson for Appellant.

MacDonald & Pettit and Robert H. Edwards, Jr., for Respondent.

WILSON, J.—Action for damages for the alleged failure of respondent to fulfill a contract whereby it sold and agreed to deliver to appellant a quantity of cotton of a character, grade, and quality and at a price named in the contract, the details of which it is not necessary to amplify.

Appellant alleged that respondent failed to deliver the entire amount of the cotton contracted for, and that the portion that was delivered was of a quality or grade inferior to that provided for by the contract. For the alleged breach appellant sought damages. Findings of fact were in favor of respondent on all material issues and from the judgment which followed the appeal is taken.

1. *The evidence and the findings.* The evidence is in sharp conflict on all issues except as to the provisions of the contract which are admitted. Appellant offered expert testimony to the effect that the cotton which was actually delivered was not of the quality or grade required by the contract. On the other hand, respondent offered not only expert evidence but positive testimony of those who handled the cotton that the same was of the kind specified in the contract.

Counsel have entered into elaborate discussions of the qualifications of the experts and the value to be given to their testimony. Appellant asks us to review the evidence in its entirety and to weigh the various statements of some of the witnesses as opposed to testimony given by others. That duty devolved upon and was performed by the trial judge. It has been said so often that it seems unnecessary to repeat here that a reviewing court may not invade the field of the fact finding court, and that where a conflict in the evidence exists the findings of the trial court are conclusive and every substantial conflict must be resolved in favor of the finding. (*Patten & Davies Lumber Co.* v. *McConville,* 219 Cal. 161, 164 [25 P.2d 429]; *Morse* v. *Custis,* 38 Cal.App.2d 573, 576 [101 P.2d 702]; *Hotaling* v. *Hotaling,* 193 Cal. 368, 379 [224 P. 455, 56 A.L.R. 734]; *Bancroft-Whitney Co.* v. *McHugh,* 166 Cal. 140, 142 [134 P. 1157].) The conflict here is not fanciful but is substantial and real. All of the expert witnesses examined and testified concerning samples of the cotton which was delivered. Appellant's witnesses opined that it was of a poorer quality than that called for in the contract. Respondent's experts were as positive in their statements that it was as good or better than that which respondent agreed to deliver, and in addition the source and quality

of the cotton was testified to by respondent's witnesses who handled it. The trial judge was face to face with the witnesses and it is trite to say that he was able to determine and did determine from their demeanor on the stand and their manner of testifying which of the expert witnesses were qualified upon the subject and which of those giving positive testimony were entitled to greater credence.

In reviewing the evidence all conflicts must be resolved in favor of the respondent, and all reasonable inferences must be indulged by this court to sustain the judgment. (*Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421, 426 [213 P. 42, 26 A.L.R. 123].) Even if the evidence is without conflict but different and opposing inferences may reasonably be deduced therefrom, the judgment cannot be disturbed on the ground that the findings are not sustained by the evidence. (*Anderson* v. *Los Angeles Tranfer Co.*, 170 Cal. 66, 67 [148 P. 212].) Not only the evidence but the inferences to be drawn from it must be viewed by an appellate court in the light most favorable to the judgment of the court below. (*Hassell* v. *Bungé*, 167 Cal. 365, 367 [139 P. 800]; *Woodard* v. *Glenwood Lumber Co.*, 171 Cal. 513, 519 [153 P. 951]; *Bandle* v. *Commercial Bank*, 178 Cal. 546, 547 [174 P. 44].) It is not within our province to weigh the evidence.

The only question for us to determine here is whether there is substantial evidence, even though contradicted, that will support the conclusion reached by the trial judge (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]; *Bellon* v. *Silver Gate Theatres, Inc.*, 4 Cal.2d 1, 14 [47 P.2d 462]) and if there be such evidence the finding sustained thereby is conclusive on appeal. (*Cate* v. *Certain-Teed Products Corp.*, 23 Cal.2d 444, 448 [144 P.2d 335].) The finding of fact that the cotton which was delivered by respondent to appellant was in accord with the contract was supported by ample substantial evidence, and this court will not extend its inquiry for the purpose of determining whether appellant's evidence was as "overwhelming" as he claims in his brief.

■ Appellant having refused further deliveries of cotton of the same quality and grade as that received by him in the first shipment is not entitled to recover damages for loss of profits on the amount not delivered.

■ 2. *Effect of trial judge's opinion.* Appellant com-

plains that a written memorandum or opinion filed by the trial judge, indicating his conclusions upon certain of the facts, is in conflict with the findings of fact subsequently signed and filed. We have made no comparison of the opinion and the findings for the purpose of ascertaining whether appellant's claim is well grounded for the reason that if there be such conflict the result of the appeal would not be affected.

The writing of opinions by trial judges is not to be discouraged, whether the questions determined be purely of law or of mixed law and fact. Such course is sanctioned by the Canons of Judicial Ethics of the American Bar Association and is desirable for the purpose of showing that the judge has a full understanding of the case and of indicating to the litigants and their counsel his reason for believing the evidence given by some of the witnesses and disbelieving that given by others.

An opinion of the judge of the trial court, although not a part of the record, is of value to the reviewing court as an aid in illustrating the theory of the decision and in discovering the process by which the judgment has been reached. (*Coakley* v. *Ajuria,* 209 Cal. 745, 749 [290 P. 33]; *Estate of Felton,* 176 Cal. 663, 667 [169 P. 392].) But a trial judge's oral remarks or written opinion cannot be considered in determining whether or not the findings are sufficiently supported by the evidence (*Goldner* v. *Spencer,* 163 Cal. 317, 320 [125 P. 347]; *Estate of Felton, supra*), and cannot be used to impeach the findings. (*Messenkop* v. *Duffield,* 128 Cal.App. 541, 543 [18 P.2d 67].) Neither an oral expression nor a written opinion can restrict the power of the judge to declare his final conclusion in his findings of fact and conclusions of law. (*Scholle* v. *Finnell,* 173 Cal. 372, 376 [159 P. 1179].) The findings and conclusions constitute the final decision of the court and an oral or written opinion cannot be resorted to for the purpose of impeaching or gainsaying the findings and judgment. (*DeCou* v. *Howell,* 190 Cal. 741, 751 [214 P. 444].) The findings of fact constitute the actual decision of the court (Code Civ. Proc., § 632) and we are concerned with the correctness of the decision and judgment rather than with the reasons, as expressed in the opinion, which motivated the trial court in reaching its conclusions. (*Bealmear* v. *Southern Cal. Edison Co.,* 22 Cal.2d 337, 339 [139 P.2d 20]; *Lincoln* v. *Superior Court,* 22 Cal.2d 304, 315 [139 P.2d 13]; *International*

*Assn. etc. Workers* v. *Landowitz,* 20 Cal.2d 418 423 [126 P.2d 609].) Hence any conflict, if such there be, between the findings of fact and the written opinion of the trial judge concerning the evidence and the inferences to be drawn therefrom, will not be considered by a reviewing court. We are interested in ascertaining whether the findings are supported by the evidence. If there be a variance, as asserted by appellant, between the findings and the opinion the former will control.

3. *The motion for a new trial.* Respondent's witnesses, in describing the character of the cotton and its origin, testified that the same was taken from certain railway cars which were identified by letters indicating the railway companies to which the cars belonged together with car numbers. Upon appellant's motion for a new trial affidavits were presented to the effect that subsequently to the trial appellant had ascertained that the cars thus identified were in other parts of the United States at the time when respondent's employees asserted that they were at Pinedale, California, where the cotton was unloaded. Respondent presented counteraffidavits to the effect that errors in the car numbers might have been made for the reason that the copies of the receiving weight sheets were made up from a fourth carbon copy, originally made by hand in pencil, which was practically illegible. The trial court weighed these affidavits and denied the motion for a new trial. When a motion for a new trial is made on the ground of newly discovered evidence the ruling of the trial court will not be disturbed unless there be a manifest abuse of discretion (*Montaldo* v. *Hires Bottling Co.,* 59 Cal.App.2d 642, 651 [139 P.2d 666]; *Berkowitz* v. *Kiener Co.,* 37 Cal.App.2d 419, 427 [99 P.2d 578]) and we find none here.

A new trial on the ground of newly discovered evidence is not warranted where it appears that a different judgment would not necessarily result from the new evidence if presented. (*Berkowitz* v. *Kiener Co., supra.*)

If the evidence referred to in appellant's affidavits had been introduced at the trial the most that can be said for it, considering respondent's explanation of its possible inaccuracies, is that it would have created a further conflict in the evidence. The court found, upon a plenitude of substantial evidence without considering the initials and

numbers of the railway cars, that respondent had not violated its contract, and there is no reason to assume that the aggravation of the already abundant confusion would have resulted in a judgment in favor of appellant.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.