[Civ. No. 15066.   Second Dist., Div. Two.   Feb. 4, 1946.]

MICHAEL A. HERRBACH et al., Appellants, v. WILLIAM M. KELLER et al., Respondents.

Daniel A. Knapp for Appellants.

Edwin F. Franke for Respondents.

WILSON, J.—Plaintiffs alleged that they were the owners and entitled to possession of a hydraulic plastic press, designated as ''Hydraulic Press No. 5,'' and that defendants, without plaintiffs' consent, wrongfully and maliciously took possession of it and wrongfully withheld it from their possession. The court found that said allegations were not true and rendered judgment for defendants. As grounds for the appeal appellants assert that the findings are not supported by the evidence.

The manufacturers had agreed to deliver to respondent Keller a hydraulic press, the serial number of which was to be No. 23. Appellants had a contract with the manufacturers whereby the latter agreed to deliver press ''No. 5'' in the order of construction. Keller took possession of a press stamped ''No. 23.'' Appellants claim that it was actually

the fifth press constructed and that it was the press which they had contracted to purchase. The evidence is conflicting upon practically all of the issues and the trial court having found the facts, and there being substantial evidence in support of the findings, they are conclusive upon this court. (*Buckhantz* v. *R. G. Hamilton & Co.*, 71 Cal.App.2d 777, 779 [163 P.2d 756]; *Berger* v. *Steiner, ante*, pp. 208, 213 [164 P.2d 559]; *Estate of Isenberg*, 63 Cal.App. 2d 214, 216 [146 P.2d 424].) It may be added that the press of which Keller took possession, in addition to bearing the serial number set forth in his contract, answered the mechanical description of the press which he contracted to purchase.

We have examined the record and find no errors in rulings upon the admission of evidence. Questions relating to the manner of the preparation of Keller's contract were clearly immaterial. The contract as eventually prepared was signed by the sellers and by Keller as buyer and described with particularity the dimensions and mechanical features of the press which Keller was to receive.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied February 21, 1946, and appellants' petition for a hearing by the Supreme Court was denied April 1, 1946. Edmonds, J., voted for a hearing.