[Civ. No. 15614.   Second Dist., Div. Two.   Dec. 31, 1946.]

Estate of MARY MEISTER, Deceased. LUCY WELLS et al., Respondents, v. JULIUS MEISTER, Appellant.

Carson B. Hubbard for Appellant.

Willedd Andrews for Respondents.

WILSON, J.—In the first and final account and petition for distribution the administrator of the estate of decedent alleged that appellant, Julius Meister, was the surviving husband and the only heir at law of decedent and petitioned for an order for distribution of the entire estate to him. Contestants (respondents) filed an opposition to the account and petition alleging that they were respectively the surviving sister, three brothers, a nephew and a niece of decedent, and prayed that the shares of the estate to which they were legally entitled be distributed to them. After a trial of the issues raised by the opposition the court found (1) that appellant is the surviving husband of decedent, Mary Meister; (2) that decedent was the daughter of Gertrude Morales and Miguel Morales and that both had predeceased her; (3) that there were also born to said Gertrude Morales and Miguel Morales the following named children: Lucy, Mike, George, Nick and Katherine who were brothers and sisters of decedent; (4) that Lucy is married and is now named Lucy Wells; (5) that Katherine died prior to the death of decedent and left a son, George Pacheco, and a daughter, Percilla Encinas, two of the contestants. A decree was entered determining the heirship

in accord with the findings and ordering the estate distributed as follows: One half to the surviving husband, one tenth each to the surviving brothers and sister, and one twentieth each to the nephew and niece. From the decree determining heirship and ordering distribution the surviving husband has appealed.

The only ground of appeal is that the evidence is insufficient to sustain the findings (1) that Gertrude and Miguel Morales were the parents of decedent, and (2) that the persons named in the findings as decedent's brothers, sister, niece and nephew were such in fact. The absence of any foundation for the appeal and its lack of merit will appear from an examination of the evidence.

Lucy Morales Wells, one of the contestants and respondents, testified that Miguel and Gertrude were her father and mother; that Mike, George, Nick, Katie [Katherine] and Mary were her brothers and sisters; that all were children of Miguel and Gertrude; that Katie was also known as Lorenza; that Mary was the deceased wife of Julius Meister, appellant; that she (the witness) lived "with the family and those brothers and sisters" in Ventura; that from 1906 to 1922 she lived with Mary (decedent) during which time the latter was married to Sacramento Duarte; that she left home when she was eight years of age. The cross-examination developed no contradictions of her direct testimony. The fact that she did not know who supported her family or whether her father was married more than once is immaterial. Her lack of knowledge is no doubt due to the fact that she left home at an early age and resided in Los Angeles County with her sister while the family continued to live in Ventura.

Mike Morales, Nick Morales and George Morales each testified that he was the son of Miguel and Gertrude; that the brothers and sisters were named Lorenza, Mary, Lucy, Mike, George and Nick. Nick visited Mary in Puente while she was married to Sacramento Duarte and they called each other brother and sister. Mary cared for him when he was a baby. George and Mary called each other brother and sister. George Pacheco and Percilla Encinas testified that they were respectively son and daughter of Lorenza [Katie or Katherine] Morales.

A girlhood friend of decedent testified that the latter was known as Maria Ignacia Figueroa; that she married Sacramento Duarte and later married appellant; that Solomon

Figueroa was decedent's father. A trust officer of the Bank of America testified that Lucy Wells had stated to him that decedent's mother was Gertrude Costia and her father was Soloman Figueroa. Appellant testified that decedent told him that she was reared by the Morales family, that Morales treated her like a father and remembered her in his will, but she did not state that Mike Morales was her father.

The evidence of appellant and his witnesses is only slightly contradictory of that given by respondents. The trial judge evaluated the evidence. He believed the testimony given by respondents and it sustains the findings and the order of distribution. Appellant asks us to make a minute analysis of the evidence, to select isolated statements *passim,* to hold that respondents have not sustained the burden of proof, and to make findings contrary to those made by the trial court. This request should have been and no doubt was addressed to the trial judge but without avail. Appellate courts have repeatedly stated that it is elementary that conflicts will be disregarded when the findings are sustained by substantial evidence. (*Buckhantz* v. *R. G. Hamilton & Co.,* 71 Cal.App.2d 777, 779 [163 P.2d 756], and cases cited; *Berger* v. *Steiner,* 72 Cal.App. 2d 208, 213 [164 P.2d 559]; *Estate of Isenberg,* 63 Cal.App.2d 214, 216 [146 P.2d 424]; *Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].) We find no reason in this case for departing from the established rule.

Decree affirmed.

Moore, P. J., concurred.