[Civ. No. 15587. Second Dist., Div. Two. Feb. 4, 1947.]

BESSIE PETRO, Appellant, v. ERNEST MARTINEZ, Respondent.

Alfred F. Baughn and Richard Newton for Appellant.

Mitchell, Johnson & Bates for Respondent.

WILSON, J.—While plaintiff was standing in a passenger safety or loading zone awaiting the arrival of a red bus going south on Pacific Avenue in Huntington Park, a yellow bus going south stopped opposite the safety zone. Defendant stepped from the rear door of the bus into the zone where the parties collided causing plaintiff to fall. She brought this action to recover damages for the resulting injuries suffered by her. The case was tried by the court without a jury. Judgment was rendered in favor of defendant from which plaintiff appeals.* There is an attempted appeal from the order denying plaintiff's motion for a new trial which must be dismissed since such order is nonappealable.

The findings of fact are that plaintiff's injuries were not suffered by her as the direct or proximate result of any careless or negligent conduct of defendant, and that the evidence presented at the trial was conflicting.

Appellant asks this court to analyze the evidence, to accept her version of the facts concerning the collision between her and respondent, and to hold that the preponderance of the evidence lies in her favor. Since the conflict in the evidence is not slight but is real and substantial the findings of

---

*Appellant's brief does not conform to the requirements of rule 15 of the Rules on Appeal (22 Cal.2d 1, 12) which became effective July 1, 1943, in that (a) the points raised do not appear under headings descriptive of the subject matter covered, in fact the brief contains no headings at all, and (b) it is not prefaced by a topical index of its contents.

the trial court are final and the prayer for a reversal of the judgment is made without avail.

Appellant testified that she was waiting in the safety zone to board a red bus; when the yellow bus stopped she was standing about three feet south of its rear door; the red bus pulled up and stopped at the rear of the yellow bus; she saw respondent stand up about the middle part of the front section of the yellow bus and run to the rear; she did not move after the bus stopped but remained standing in the same position, still about three feet south of the door; when the door opened respondent jumped out and struck her right shoulder causing her to fall to the pavement.

Respondent testified that he was sitting on the rear seat of the bus; he arose and stepped on the treadle at the rear door and waited for the bus driver to open the door; he looked through the glass panels of the door and saw no one standing in the safety zone; when the door was opened he stepped down (did not jump) and as he did so appellant was "coming by, and we collided."

While the conflict in the evidence renders a discussion of it unnecessary, it may be noted that if appellant was, as she testified, standing still and facing the southbound bus she was facing east and her left side was toward the rear door of the bus, and when respondent stepped from the door, which was north of where appellant was standing, he would have struck her left side or shoulder. On the other hand, if she was walking north, as respondent testified, her right side would have been toward the door. She testified that respondent struck her right shoulder. In view of the conflict in the testimony as to all the occurrences from the time the bus stopped until the parties collided (a) whether respondent ran from the middle of the bus or was seated at the rear; (b) whether he jumped or stepped from the bus; (c) whether when appellant was struck by respondent's body she was facing east and standing still or was "coming by," walking north toward the red bus for which she had been waiting, nothing further need be said than that the findings of the trial court will not be disturbed. (*Buckhantz* v. *R. G. Hamilton & Co.,* 71 Cal.App.2d 777, 779 [163 P.2d 756] and cases cited.)

Judgment affirmed. The appeal from the order denying a new trial is dismissed.

Moore, P. J., and McComb, J., concurred.