[Civ. No. 13798.   First Dist., Div. One.   Oct. 15, 1948.]

THOMAS J. BRODERICK, Respondent, v. LOUISA TORRESAN et al., Appellants.

Alfred Del Carlo for Appellants.

Chas. C. Sullivan for Respondent.

WARD, J.—Appellants' opening brief states that this is an appeal from a judgment in favor of plaintiff and against defendants foreclosing a mechanic's lien on a building constructed for defendants in accordance with a contract and plans and specifications, allegedly signed by all of the interested parties, and "from the order denying defendants' motion for a new trial." The quoted portion is not supported by the notice of appeal and in any event the order is not appealable and will be disregarded.

The complaint, in addition to the ordinary language seeking foreclosure of a mechanic's lien, sets forth that a written contract dated March 12, 1946, was entered into between plaintiff and defendants for the erection of a one-story building pursuant to plans and specifications filed with the county recorder for the agreed price of $10,860, payable in five equal installments. The fifth payment is alleged to be due 35 days after completion. Of the original contract price there remains

unpaid the sum of $1,344. It is also alleged that defendants, after the execution of the original contract, requested extras as set forth in the complaint, which required work, labor and materials amounting to the sum of $1,253.20.

Defendants denied that any extra work had been requested and alleged that plaintiff failed to complete the building in accordance with the plans and specifications. In an amended cross-complaint they set forth eight particulars wherein plaintiff failed to live up to the contract and the plans and specifications. Defendants state the amount required to complete the building and claim damages in the sum of $5,000, which figure includes $3,350 general damages. Plaintiff denied the pertinent allegations of the amended cross-complaint.

The court found for the plaintiff and cross-defendant and gave judgment in the sum of $2,597.20, with legal interest from December 12, 1946, the date the money became due on the contract.

Defendants present six points as the basis for a reversal. Four, listed as I, II, IV and V, are addressed to the sufficiency of the evidence to support the court's findings. They are: I. Whether the contract and plans were signed by the parties. II. Whether the plans and specifications filed in the recorder's office were substitutes. IV. Was plaintiff authorized to make changes and additions culminating in a bill for $1,418.42? V. Did defendants suffer detriment by plaintiff's cutting down the rear of the building and putting a sun porch thereon?

The county recorder's office identified the contract, with specifications attached, filed in his office. Plaintiff testified, referring to the plans and specifications: "Yes, Mrs. Torresan and her husband and I signed those." Plaintiff also testified to the request for certain changes and additions to the plans, and as to the cost and details thereof. The issue was for the trial judge. (*Fish* v. *Security-First Nat. Bank,* 31 Cal.2d 378 [189 P.2d 10].) A deputy building inspector testified that he examined the building and checked with the plans and specifications and that there were some minor changes, but that he approved the building in his capacity as a building inspector. Whether defendants suffered detriment by the substitution of the sun porch is, like the matters previously set forth, purely a question of fact.

Defendants introduced evidence that tended to contradict that of plaintiff and may have raised a suspicion that plaintiff's testimony was not 100 per cent correct. Defendants

completely overlook the well-established rule that an appellate court's power begins and ends with a determination of whether there is any substantial evidence to support the findings. (*Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689] ; *Estate of Meister,* 77 Cal.App.2d 487, 489 [175 P.2d 574].) "(1) When two inferences are reasonably deducible from the facts the appellate court is forbidden to substitute its deductions for those of the trial court; (2) all conflicts· must be resolved in favor of respondent and all reasonable inferences must be indulged in favor of the findings; (3) the power of the appellate court begins and ends with its determination that there is or is not substantial evidence to support the finding." (*Barham* v. *Khoury,* 78 Cal.App.2d 204, 211 [177 P.2d 579].)

■ Defendants claim that the trial court erred in refusing to hear evidence that two actions by subcontractors to foreclose liens were pending. It is argued in the briefs that if the present judgment is allowed to stand defendants may be forced to make double payment on the same claims. Assuming that defendants at the time of the ruling concluded that the order was unjust and unfair, they should have invoked the provisions of the Code of Civil Procedure. "Upon the demand of the owner the court shall require all claimants to the moneys withheld by the owner in response to such notices [of mechanics' liens] to be impleaded in said action, to the end that the respective rights of all parties may be adjudicated and settled therein." (Code Civ. Proc., § 1184a.) "Any number of persons claiming liens may join in the same action and when separate actions are commenced, the court may consolidate them." (Code Civ. Proc., § 1195.) However, before the submission of the case in this court, plaintiff and defendants entered into the following written stipulations: "IT IS STIPULATED that in the event the judgment of the trial court is affirmed the amount of the lien claim of W. P. Fuller & Co., in the sum of $495.00, upon which suit was instituted against respondent and appellants and in which suit respondent is one of the defendants and a default was entered against him in the Superior Court of the State of California, in and for the County of San Mateo, and the amount of the lien claims of California Terrazzo Co., in the sum of $225.00, and upon which suit was likewise instituted against respondent and appellants in said Court and upon which a default was entered against respondent, appellants having since the judgment in this action purchased each of

the above claims and each of the causes of action instituted thereon to enforce said liens from their said owners and which appellants are now the owners of each of the same, may upon satisfaction of each of said claims being delivered to respondent properly acknowledged for filing or recording, be deducted from the amount of the judgment.''

Exception is taken to the trial court's order overruling defendants' objections to the admission of evidence, and to certain remarks made by plaintiff's counsel. An examination of the record does not disclose that defendants were precluded from presenting relevant and material evidence. Counsel for plaintiff remarked to counsel for defendants: ''. . . your whole defense is a piece of bunk.'' The trial judge immediately said: ''I will disregard the remark.'' In defendants' brief and during the trial the remark is referred to as an insult. Counsel for defendants states that the comment . . . was clearly uncalled for.'' This court agrees that it was, but in the absence of a jury, and in view of the trial court's statement that the remark would be disregarded, it may not be considered as prejudicial to the extent of justifying an order reversing the judgment.

The trial court erred in allowing interest on the total amount of the judgment from December 12, 1946. The judgment represents the balance due on the contract plus the charges for extras. Defendants contend that although interest on materials and labor furnished pursuant to the contract can be allowed from the date the money became due, interest on the portion of the judgment covering extras should be allowed only from the date of the judgment. It is said in *Combs* v. *Eberhard,* 120 Cal.App. 25, 30 [7 P.2d 338] : ''However, as to the extras furnished by the contractor and the labor and materials furnished by the other two plaintiffs direct to the defendant, the fair and reasonable value was required to be ascertained by the judgment of the court and therefore interest should be allowed only from the date of the judgment.''

The parties have stipulated that the amount of this excess interest is $80.47. The findings, conclusions and judgment are hereby modified to provide that the sum of $80.47, interest on the amount of extras, to wit, $1,253.20, from the date of the filing of the complaint, viz., December 14, 1946, to the date of the judgment by the superior court, to wit, November 13, 1947, be deducted from the judgment of $2,862.38 in accordance with the stipulation of the parties. When the stipu-

lation contained herein relative to the W. P. Fuller & Co. and California Terrazzo Co. lien claims are complied with, the trial court is directed to modify the findings of fact and conclusions of law and the judgment in accordance with the stipulation. As so modified, the judgment will stand affirmed. Respondent to recover his costs on appeal.

Peters, P. J., and Bray, J., concurred.

Judgment and opinion were modified to read as above October 20, 1948. A petition for a rehearing was denied November 13, 1948.