[Civ. No. 17035.   Second Dist., Div. Three.   May 10, 1950.]

FORREST A. BETTS, Respondent, v. REPUBLIC INDEMNITY COMPANY OF AMERICA (a Corporation), Appellant.

John W. Preston and Krieger, Harper & Klein for Appellant.

Jennings & Belcher for Respondent.

WOOD, J.—In this action for attorney's fees, judgment was for plaintiff for $4,700.  Defendant appeals from the judgment.

Plaintiff alleged, in his complaint, that defendant became indebted to him in the sum of $5,000 for the reasonable value of services rendered, and no part thereof had been paid except $300.  Defendant denied the allegation, except the part there-

of that it had paid $300. As a further answer, defendant alleged that it was orally agreed between plaintiff and defendant that plaintiff's fees for legal services would be a minimum of $300 ''up to a maximum'' of $750, the exact amount of said fees to be dependent upon the amount of services to be rendered, but in no event to exceed $750.

The court found as follows: that during July and October, 1945, the defendant retained the services of plaintiff, an attorney at law, for the purpose of securing the admission of defendant to do business in California; plaintiff individually or through attorneys employed in his office, spent approximately 200 hours in matters of negotiation, research of the law, preparation of documents, conferences with the client and representatives of the insurance commissioner, and other necessary services, some of which were beyond the scope originally anticipated by defendant; said services covered a period of time between July 15, 1945, and September 5, 1946; as a result of the services of plaintiff the defendant was admitted as an insurance carrier to do business in California, and defendant was permitted not only to write the insurance which it originally requested but also workmen's compensation insurance, and this result was particularly attributable to the efforts of plaintiff and it represents an extraordinary result beneficial to defendant; the services of plaintiff were reasonably worth $5,000, and that $300 of said sum had been paid to plaintiff. The court also found that there was no agreement, oral or otherwise, that plaintiff's fees for legal services would be ''a or in a minimum fee of $300.00, or otherwise, or a or any maximum fee of $750.00, or otherwise, and in that connection, finds in fact that the agreement was to pay the reasonable value of the services rendered.''

Appellant asserts that said finding, that there was no oral agreement that plaintiff's fees would be a minimum of $300 or a maximum of $750, is not supported by the evidence.

Appellant's three witnesses, who were officers of appellant, testified in substance that plaintiff told them that his charge would be from a minimum of $300 to a maximum of $750.

Plaintiff testified in substance as follows: Mr. Horwitz, one of the witnesses for appellant, asked him in July, 1945, to fix a definite or flat fee, and he replied that he could not give a flat fee because he did not know what difficulty he might get into—that the fee would be a reasonable fee. Mr. Horwitz then said he had hoped that plaintiff would state a definite fee, and plaintiff replied that that was impossible.

In the fall of 1945, Mr. Horwitz asked him, in the presence of one or both of the other witnesses for appellant, how much he was going to charge, and plaintiff replied he would give the same answer he gave in July—that it was impossible for plaintiff to say how much the charge would be until the time was computed and the matter was closed—that the matter might take weeks or months or a year. Mr. Horwitz said it would not take any such time as that, and he (Mr. Horwitz, who is an Illinois lawyer) gave his opinion as to the amount of work that would be required. Plaintiff replied that he could not give any flat fee, but if the work did not exceed the outline of work which appellant's representatives had discussed that day, namely, merely going through the formula of presenting the matter, the fee would be some place between $500 and $750. Mr. Horwitz asked him if he would make that a flat fee, and plaintiff replied that he could not do that and he could not afford to tie up his office on a financial problem of that kind and work indefinitely for $750, and if they were not willing to accept his word that his fee would be reasonable they should take their business elsewhere. Plaintiff said if he did $300 worth of work he would charge $300, and if he did $10,000 worth of work he would charge $10,000.

There was ample evidence to support said finding that there was no oral agreement that the fees would be a minimum of $300 or a maximum of $750. Appellant argues, however, to the effect that remarks of the judge at the close of the trial show that the judgment was not based upon the testimony of plaintiff, but that it was based upon two letters written by plaintiff after the services had been performed. Appellant asserts that said letters were of no probative value. ▆ The remarks of the trial judge cannot be considered in determining whether the findings are supported by the evidence. (*Buckhantz* v. *R. G. Hamilton & Co.*, 71 Cal.App.2d 777, 781 [163 P.2d 756, 759].)

Appellant also asserts that the amount of $5,000 awarded as attorney's fees is exorbitant. The appellant had been chartered as a casualty insurance company in Arizona and it had a paid in capital of $150,000 and a surplus of $50,000. It was seeking to do business as such a company in California. Under a rule of the Insurance Commissioner of California, an insurance company was required, in order to obtain such permission, to have one dollar of surplus for each dollar of capital. Plaintiff and an attorney employed by him had many conferences

with representatives of the insurance commissioner, and they prepared many documents and exchanged many letters with the commissioner and appellant. Plaintiff discussed with Mr. Horwitz the matter of litigation to secure an order of court directing that such permission be granted to appellant. Plaintiff advised him that the litigation would be long and difficult, and suggested that he go over the corporate structure and set it up the way the commissioner had demanded. Mr. Horwitz did not want to do that. After some time the appellant changed its structure to a paid in capital of $200,000 and a surplus of $100,000. Thereafter many conferences were had with representatives of the commissioner and appellant. Plaintiff presented argument to the commissioner to the effect that if the company had only $100,000 capital, instead of $200,000, and had the $100,000 surplus, it could qualify; and that the company should not be penalized because it had $200,000 capital, since it had all the surplus required if its capital had been only $100,000. After many more conferences the Insurance Commissioner granted the permission as originally requested, and in addition thereto appellant was granted permission to write workmen's compensation insurance in this state. ▇ About 200 hours were spent in negotiation, research of law, preparation of documents, conferences, and other similar matters. Plaintiff has been engaged in the practice of law about 25 years. He maintains a large office, and has three lawyers and four secretaries in his employ. He testified that the reasonable value of the services rendered by him was $7,500, that he rendered a bill for $5,000 and gave credit for the $300 which had been paid. It was stipulated that two attorneys at law, who were called as witnesses by plaintiff, were qualified to give opinions as to the reasonable value of legal services. One of the attorneys, in answer to a proper hypothetical question, testified that the reasonable value of the legal services referred to therein was $6,000; and the other attorney, in response to such question, testified that the reasonable value of the services was a minimum of $5,500 and a maximum of approximately $6,500. The evidence supports the finding that the legal services of plaintiff were reasonably worth $5,000.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.