[Civ. No. 17538. Second Dist., Div. One. Sept. 7, 1950.]

FRED GIRARD, Respondent, v. HARRY ORR VEACH, Appellant.

George R. Maury, Alden P. Houck and Steiner A. Larson for Appellant.

Hindin, Weiss and Girard for Respondent.

DRAPEAU, J.—Defendant is a medical doctor. He treated a 15-year-old girl. A man who gave his name as Gordon called at the doctor's office, and accused him of criminal and unprofessional conduct toward the girl. The doctor hotly denied the charge, and ran the man out of the office.

That evening the doctor called his insurance agent, who had sold him his malpractice insurance policy, and notified him what had happened. The agent advised him to keep quiet and do nothing for the time being.

Then an attorney at law telephoned the doctor, said that he represented the girl and her mother, and asked for a conference. The doctor advised the agent of this development. The agent advised the insurance adjusters. They suggested that in view of the possibility of criminal prosecution the doctor should secure the services of a lawyer skilled in criminal practice.

Upon this suggestion, plaintiff was called into the case. He was introduced to the doctor by the insurance agent. He moved in rapidly; secured the assurance of the district attorney's office that if anyone asked for a criminal complaint, the doctor would be given a hearing before it issued. He participated in taking statements from the doctor's nurse, and other possible witnesses. He went over the case with defendant, and members of defendant's family; also with defendant's personal lawyer, and with the insurance agent. And he talked with the lawyer who had telephoned the doctor.

At the first interview between plaintiff and defendant, something was said about plaintiff's fee, but no figure was named. Later, and after a great deal of work had been done, plaintiff advised defendant that his fee would be $2,500. Defendant refused to pay any part of the fee; said he didn't have that much money; that it was too much; and that, anyway, plaintiff was working for the insurance company, and under his policy he was not required to pay attorneys' fees.

The policy provided that the insurance carrier was not liable for any criminal act on the part of the insured, and was not required to defend in any proceeding growing out of such act. No criminal complaint was issued; and none was asked for. After plaintiff retired from the case, a settlement between

the doctor and the minor was approved by the superior court.

After seven days' trial, the court found for plaintiff. From the judgment which followed, defendant appeals.

The old, familiar rule in appellate practice must again be followed in this case. While the doctor's case may have entitled him to judgment, the trial court found against him on conflicting evidence. This court is not called upon to weigh or evaluate evidence. That is the province of the trial judge.

The evidence substantially supports the findings of the trial court and the judgment. (*Buckhantz* v. *R. G. Hamilton & Co.*, 71 Cal.App.2d 777 [163 P.2d 756].)

It is charged on appeal that the trial court "so erred . . . in leading the witnesses, and in suggesting lines of testimony for the plaintiff, as to have demonstrated prejudicial bias." No mention of these charges was made until the opening brief on appeal was filed. The record has been carefully read, with each charge in mind. No bias of the trial judge appears. And no errors in admission of evidence, or in the conduct of the trial by the judge, are to be found.

Defendant complains of the allowance of interest prior to the date of the judgment. On the authority of *Johnson* v. *Marr*, 8 Cal.App.2d 312 [47 P.2d 489], interest should be only from the date of the judgment.

The judgment is modified to provide that it shall bear interest from the date of its entry. As so modified the judgment is affirmed. Each party to bear his costs on appeal.

White, P. J., and Doran, J., concurred.