[Civ. No. 4358. Fourth Dist. May 27, 1952.]

ETHEL PEREIRA, Respondent, v. MANUEL R. PEREIRA, Appellant.

Lopez, Gomes & Hyde for Appellant.

Albert Peterson for Respondent.

MUSSELL, J.—This is an action for an accounting based upon the alleged breach by defendant of the terms of a property settlement agreement entered into by the parties hereto on February 16, 1950, and a subsequent agreement relating thereto dated February 22, 1950. These agreements provided for the division of real and personal property consisting of 320 acres of ranch land, together with the buildings thereon, livestock, ranch tools, appliances, wagons, tractors, household furniture, funds in the Anglo California National Bank at Hanford, and many miscellaneous items of personal property.

The agreement of February 22d recited, among other things, that the parties had divided the dairy stock and had selected the portion of the real property to be owned by each. This agreement also contained a recital that the plaintiff had accepted certain personal property, including household furniture and that plaintiff agreed to pay the sum of $625 difference in values of personal property divided and also provided that the plaintiff would pay to defendant the sum of $248 for his interest in the household furniture. The agreement also provided for a division of sheep and poultry, for a sale of horses and a division of funds derived from such sale and that the plaintiff should have the use of certain buildings until May 1, 1950, at which time she agreed to vacate the premises.

Plaintiff alleged in her complaint that the defendant had failed, refused and neglected to account for funds in the Anglo California National Bank at Hanford and for funds received by him from the 1949 cotton crop grown on the property and that defendant failed and refused to deliver to plaintiff certain personal property as provided in the agreement of February 22d. The prayer of the complaint was that the defendant account for moneys in said bank, for moneys received from the cotton crop, and for the personal property which defendant failed to deliver in accordance with the agreement.

Defendant, in his answer, alleged that a full accounting had been made in March, 1950, and that he should be allowed the reasonable value of services in caring for and farming the property.

The cause was tried by the court without a jury and it found, among other things, that

1. The funds in said bank for which the defendant failed to account amounted to the sum of $700.98 and that the plaintiff was entitled to one-half thereof;

2. The defendant failed, refused and neglected to deliver to the plaintiff household effects and personal property and that the value thereof was the sum of $250;

3. The Central Valley Cooperative Gin holds community moneys, payable at later undetermined dates for cotton and cottonseed sold to said gin previous to the 1950 crop; that said moneys total $1,128.34, of which plaintiff is entitled to one-half or $564.17; that the California Cotton Cooperative Association holds community moneys payable at a later undetermined date for cotton and cottonseed sold to said gin previous to the 1950 crop, said moneys totaling $680.46, of which the plaintiff is entitled to one-half or $340.23;

4. The defendant has received substantially more of the community income than the plaintiff and that the defendant is not entitled to allowance for labor in any sum whatsoever;

5. The plaintiff, through mistake, received more than her share of livestock; that the excess received by her amounts to $340; that certain of the farm equipment received by the plaintiff was not included in the division of the property and that defendant is entitled to a credit of $194 for his interest in said equipment.

The court concluded that the plaintiff is entitled to a money judgment against defendant in the sum of $654.54 and is entitled to $904.40 of the moneys held by the Central Valley Cooperative Gin and California Cotton Cooperative Association, payable after the 16th day of June, 1951, at undetermined dates. Defendant appeals from the judgment entered for these sums.

The principal question for determination here is whether the evidence is sufficient to support the findings and judgment.

We are unable to find any substantial evidence in the record to support the trial court's finding that the funds in the Anglo California National Bank at Hanford amounted to the sum of $700.98 on February 16, 1950 (the date of the property settlement agreement). The testimony introduced by plaintiff was that of an accountant who testified from memorandum made by him from various checks and bank statements received from the attorney for plaintiff,

who apparently secured them for the attorney for the defendant, and it is evident that the witness was unable to determine whether all of the outstanding checks were accounted for or whether the deposits in the account represented income or borrowed money. He testified that the balance as of February 16, 1950, amounted to the sum of $815.73. An accountant, who testified in behalf of the defendant, testified that as of February 22, 1950, the adjusted bank balance was $379.62. Neither of these figures agrees with the amount of the balance found by the trial court.

The court next found that the defendant failed, refused and neglected to deliver to plaintiff the household effects and personal property and that the value thereof was the sum of $250. The household effects and personal property are not listed or referred to in the findings. Furthermore, it does not appear that this sum was included in the judgment rendered.

The trial court's finding number three herein is apparently based on the testimony of witness C. E. Patton, Jr., office manager of the Central Valley Cooperative Gin in Hanford and plaintiff's accountant, J. L. Spinetta. Mr. Patton testified as to payments made to defendant on the 1949-1950 cotton crop and stated that there were sums still to be paid from this crop from two sources, the Central Valley Cooperative and the California Cooperative Gin at Bakersfield; that he obtained information as to the funds held and to be paid by the California Cooperative by telephone and did not see these records. An objection was sustained to this hearsay testimony. The witness also stated that he did not know when withheld sums would be paid. The witness Spinetta admitted that he did not get a complete statement from the gin and that he arrived at certain figures from papers given to him by plaintiff's attorney. In this connection, it may be noted that the agreement of February 16, 1950, provided that the defendant would account for all money received from and after June 28, 1949, and the finding apparently included moneys payable from crops long prior to 1949. Furthermore the testimony does not show whether the 1950 cotton crop was obtained from property owned by plaintiff or property owned by the defendant. The record fails to disclose substantial testimony to support the trial court's finding number three.

Finding number four herein recites that the defendant has received substantially more of the community income

than the plaintiff without specifying the amount or that the amount received equaled the reasonable value of the services. if any, rendered by defendant in caring for the property.

Finding number five recites that plaintiff had received $340 more than her share of the livestock and that certain of the farm equipment received by plaintiff was not included in the division of the property, and that defendant was entitled to a credit of $194 for his interest in said equipment. Apparently, neither of these items is included in the judgment.

The record before us is such that we are unable to reconcile the findings with the judgment. There was no reference or account and the action was not properly disposed of by a mere statement of the balance due. (*Sears* v. *Rule,* 27 Cal.2d 131, 149 [163 P.2d 443].) It cannot be intelligently ascertained from the findings and judgment what the issues were as to the controverted items and how these issues were disposed of by the trial court.

In plaintiff's closing brief a document is set forth entitled "Memorandum Order for Judgment." This document is not a part of the record before us and while it indicates the reasoning by which the trial court arrived at some of the amounts set forth in the judgment, it cannot be substituted for the findings which constitute the actual decision of the court. (*Buckhantz* v. *R. G. Hamilton & Co.,* 71 Cal. App.2d 777, 781 [163 P.2d 756].)

The attempted appeal from the order denying motion for a new trial is dismissed. (*Estate of Dopkins,* 34 Cal.2d 568, 569 [212 P.2d 886].) The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.