[Civ. No. 15574.  First Dist., Div. One.  Mar. 25, 1954.]

ARTHUR B. ZIMMERMAN et al., Respondents, v.
WILLIAM E. STRAUS et al., Appellants.

142

Arthur Harris for Appellants.

Leon Schiller and George I. Hoffman for Respondents.

FINLEY, J. pro tem.*—This appeal is taken by defendants from the judgment entered upon a verdict in favor of plaintiffs.

Appellants, husband and wife, and respondents, also husband and wife, were partners in the operation of two lunchroom establishments, one in Berkeley and the other in San Francisco. In this action respondents seek damages from appellants on account of alleged fraud on the part of appellants in connection with dissolution of the partnership. Demurrers were sustained to several complaints first filed by respondents, but a demurrer to the third amended complaint was overruled. Two points are raised on appeal which are stated by appellants as follows:

(a) The lower court erred in overruling appellants' demurrer to respondents' third amended complaint;

(b) Evidence is insufficient as a matter of law to support the verdict.

The third amended complaint is in two causes of action. Appellants' demurrer was both general and special. It is argued by appellants that it should have been sustained because the complaint states that the parties agreed to dissolve the partnership effective as of March 31, 1948, on the basis of the capital accounts as of that date; that they executed a dissolution agreement on February 11, 1948, and appellants argue that the capital account of a partner is not a fixed sum but fluctuates depending upon the results of the partnership enterprise, and that it would have been impossible for either appellants or respondents more than a month previous when they signed a dissolution agreement to know what the state of their respective capital accounts would be on March 31, 1948, and that any expression on the subject made by appellants was an expression of opinion and not a misstatement of fact.

Actually the complaint sets forth that in the latter part of January, 1948, the parties agreed to dissolve the partnership effective as of March 31, 1948, in accordance with the capital accounts of the parties as of the date of dissolution; that on February 7, 1948, appellant William E. Straus falsely, fraudulently and with intent to deceive and defraud re-

*Assigned by Chairman of Judicial Council.

spondents made certain specific false representations to respondent Arthur B. Zimmerman as to how the assets of the partnership should be divided in accordance with the capital accounts of the parties at the date of dissolution; that these representations were false and known to appellants to be false; that respondents, trusting their copartner William E. Straus and relying upon his fairness, good faith and superior knowledge, relied upon said representations and were induced thereby on February 11, 1948, to enter into a written agreement to settle the affairs of the partnership in line with these misrepresentations.

The second cause of action is in the form of a common count for money had and received by appellants for the use and benefit of respondents.

■ The gravamen of the action is that by means of fraudulent misrepresentations respondents were induced to sign the agreement of February 11, 1948, which provided for division of the partnership assets in a manner out of all proportion to the capital accounts of the partners either at that time or on March 31, 1948. Although the complaint is not as concise as it might have been, we are satisfied that it sufficiently states a cause of action based upon fraud, and appellants' demurrer was properly overruled as to both causes of action.

■ Appellants' second point is that the evidence is insufficient, as a matter of law, to support the verdict. We have reviewed the record and find this point also to be without merit. The record is replete with testimony to support respondents' allegation that they were fraudulently induced to sign the dissolution agreement of February 11, 1948.

■ Further we need not go, for on this issue the function of an appellate court begins and ends with a determination as to whether there is any substantial evidence in the record to support the verdict. (*Tupman* v. *Haberkern,* 208 Cal. 256 [280 P. 970]; *Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689]; *Estate of Meister,* 77 Cal.App.2d 487 [175 P.2d 574]; *Estate of Teel,* 25 Cal.2d 520 [154 P.2d 384]; *Dandini* v. *Dandini,* 82 Cal.App.2d 263 [186 P.2d 41].)

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 19, 1954.