[Civ. No. 10660.   Third Dist.   Jan. 27, 1964.]

VINCENT C. NEMETH, Plaintiff and Respondent, v. EARLE F. PANKOST, Defendant and Appellant.

John C. Weidman for Defendant and Appellant.

Hoseit & Luther for Plaintiff and Respondent.

PIERCE, P. J.—On this appeal from a money judgment for a share of real estate commissions earned, the questions presented are (1) whether the lump sum finding of the amount due satisfies the requirement that the trial court's facts found "fairly disclose the court's determination of all issues of fact" (Code Civ. Proc., § 632), and (2) whether substantial evidence supports the amount found due. We answer these questions affirmatively and affirm the judgment.

Plaintiff worked as a real estate salesman for defendant broker from January 1, 1958, to October 1959 under two separate arrangements. Until approximately March 1, 1959, he was to be paid one-third of all commissions actually received, less one-third of the operating expenses. About March 1, 1959, the agreement was modified. The parties differ regarding the terms of the modified agreement. According to plaintiff, he was to receive 10 per cent of commissions received on all sales of properties listed by plaintiff plus 60 per cent of all commissions received on all properties sold by plaintiff. Defendant's contention denied any agreement to pay commissions on listings, and on properties sold by plaintiff testified the agreed commission was 50 per cent.

Plaintiff sued for an accounting. Defendant furnished one with his answer filed. It was prepared by an accountant. The sales enumerated and commissions declared due were those payable under defendant's contentions. According to defendant, plaintiff had been overpaid and defendant counterclaimed for the excess.

The trial court made findings in accordance with plaintiff's allegations as to the terms of the modified agreement. It found $4,413.63 to be due plaintiff.

An issue, not covered by the pleadings, arose during the trial. A commission was claimed by plaintiff on the resale of certain property (referred to as the Harrison-Koenig transaction—the resale was to Wade), made during the period when plaintiff was entitled to one-third of all commissions received. Although the first sale was not consummated, a commission thereon had been earned and a promissory note had been given. On this note $1,500 had been collected and it was admitted that plaintiff was entitled to one-third thereof or $500. On the resale of this property a commission of $2,900 was earned. If plaintiff was entitled to a one-third commission thereon, the sum due was $966.66. No specific finding was made by the court regarding this.

As stated above, under the original agreement one-third of operating expenses were to be deducted from plaintiff's share. In the accounting submitted by defendant, the rental value of the office which defendant owned was claimed as an item of such expense. His testimony fixed this at $225 per month. Plaintiff testified that the ''top'' value was $75 per month. Since the court found that the agreement before modification had been in effect for 14 months, the deduction for rentals, if made, and if the court accepted plaintiff's evaluation, would be $350. The findings are silent as to this and the pleadings are also.

We find it unnecessary to state in this opinion the specific amounts of the several commissions contended for by the parties respectively. The briefs state them in detail. Under plaintiff's theory a total of $4,759.84 (without any deduction for rentals) was due. The judgment for $4,413.63 is less than this amount. The difference, $346.21, is a sum just $4.79 less than plaintiff's figure on office rental value. (De minimis non curat lex.)

After the trial, the court requested briefs and on May 31, 1962, announced its decision. Plaintiff prepared proposed findings. No objections thereto were interposed by defendant, nor was a request for specific findings made. The findings were signed as submitted and judgment followed. A motion for a new trial was made, but the notice thereof merely stated the statutory grounds and no special findings were then requested, although procedure therefor even after judgment is provided. (Code Civ. Proc., §§ 634, 663; see *Ortiz* v. *Avila*, 222 Cal.App.2d 786, 791 [35 Cal.Rptr. 522, 526].) The memorandum of points and authorities accompanying the notice of motion consisted merely of an enumeration of the

code sections stating the grounds for a new trial. Included is a statement ("Supplemental Memorandum of Points and Authorities to be submitted with affidavit served and filed"), but no such supplemental memorandum appears in the record, which is silent as to the points actually urged before the trial court.

We can speculate that the trial court's signature to the findings as proposed may have been upon the theory that, as submitted, they covered all of the pleaded matter and that it felt all ultimate facts at issue had been included. ▮▮ Findings do not have to state evidentiary, as distinguished from ultimate, facts. (*Lewetzow* v. *Sapiro,* 188 Cal.App.2d 841, 845 [11 Cal.Rptr. 126].) ▮▮ Here the court had found that from the commissions to be allowed, plaintiff's share of the operating expenses were to be deducted. Absent a request for special findings we do not think it was necessary for the trial court to initiate a listing of every item coming within the category "operating expense." So to require would be, as Justice Tobriner states in *Lewetzow, supra* (on p. 845), "needlessly [to] embellish the structure of the findings with rococo details." The same may be said regarding necessity of a finding that plaintiff was entitled to a commission on the resale to Wade in the Harrison-Koenig transaction. By implication it can be determined from the amount of the judgment that a commission on this sale *was* allowed, also that a sum for plaintiff's share of office rental was deducted.

Defendant cites *Sears* v. *Rule,* 27 Cal.2d 131, 149 [163 P.2d 443], and *Pereira* v. *Pereira,* 111 Cal.App.2d 359 [244 P.2d 754], as authority for the proposition that "an action for an account would not be properly disposed of by a mere statement of the balance due." The quoted statement in the first of the two cited cases was dictum, since the court found it could there be determined how the controverted items had been disposed of. The *Pereira* case is distinguishable on its facts. In the case at bench, as has been pointed out above, commissions earned had been set forth in an account prepared by defendant's accountant, the amounts due under whichever party's theory the court adopted were determinable either therefrom or from uncontroverted facts in the record, and the difference between the maximum sum claimed by plaintiff and the judgment amount is to be explained as an allowance for office rent.

In any event, defendant, having failed to request specific findings, cannot on appeal rely upon uncertainty in that re-

gard. In *Ruppert* v. *Jackson*, 212 Cal.App.2d 678 [28 Cal.
Rptr. 467], this court reviewed the 1959 legislation (amend-
ments to Code Civ. Proc. §§ 632, 634) constituting a proced-
ural reform in the matter of findings. Thereunder (in Code
Civ. Proc., § 634), a party desiring specific findings may ask
for them and on appeal if such a request has been made it is
expressly provided that an implied finding in favor of the
prevailing party shall not be inferred. In *Ruppert, supra,* we
stated the converse of this rule and held that where there has
been *no* request for special findings a finding adverse to ap-
pellant is to be implied whenever the implication can reason-
ably be made from the general findings.

Unless a party unsuccessful in the trial court is given
the right to obtain specific findings where general findings
leave decision on any issue doubtful, his presentation of an
appeal is obviously handicapped (and this was the reason
stated in the *Pereira* case, *supra*—decided before the code
amendments—for strict construction of the court's obligation
to make findings in accounting cases). The reason fails, how-
ever, when the losing party has had his opportunity to obtain
specific findings and has failed to avail himself of the right
in the trial court. It is unfair both to the trial court and to
the prevailing party that an opponent who has not made use
of the opportunity in the trial court should be able to lie
back, bide his time until the appeal, and then assert an insuffi-
ciency of findings in this respect for the first time. To permit
such devious strategems would also militate against the ex-
peditious disposition of lawsuits.

Defendant's other argument is that there was not
substantial evidence to support the implied finding that a
commission was due on the Harrison-Koenig (Wade) resale.
It is not disputed that the evidence sufficed to show plaintiff
was entitled to a share of any commission paid, but it is
urged that there was no evidence the commission had actually
been received by defendant. As stated above, the conten-
tion of defendant at the trial had centered upon an insistence
that plaintiff was not entitled to any commission on the re-
sale. It frequently happens in the trial of a lawsuit that
when attention is focused upon a strenuously contested con-
clusional fact, proof of an apparently undisputed link by
which the conclusion is reached is slighted. This happened
here. There was, nevertheless, substantial proof that the com-
mission had been received.

At the time that plaintiff was participating on a one-third

basis in commissions received, defendant, plaintiff and one Edward R. Smith were dividing commissions, share and share alike. Mr. Smith testified for defendant. His testimony was susceptible to construction that a commission of $2,900 had been received on the resale to Wade.[1] He also testified that he "might have" received his share of this commission. Defendant's own testimony regarding receipt of the commission was equivocal. Asked if the commission had been paid, he testified: "That I do not know; I'm sorry." Although he testified he knew that this was an item in dispute, he had not brought his records with him from which the question could have been settled. ▆▆ "Ordinarily ... the burden of proving every element of a claim is on the one who asserts it. But for practical reasons the burden of explanation or of going forward with the evidence is sometimes placed on a party-opponent who has information lacking to the one who asserts and seeks to establish a fact." (*Garcia* v. *Industrial Acc. Com.*, 41 Cal.2d 689, 694 [263 P.2d 8].) The rule has application here. If defendant seriously disputed the fact of receipt of the commission on the resale to Wade, production of his records to show this would have been a simple matter of proof.

The judgment is affirmed.

Schottky, J., and Friedman, J., concurred.

---

[1]"Q. Now, how much of a commission did you receive on the sale of the Harrison note to Wade—I mean, the total commission received by the office? A. The total received was $1500.00. Q. How much for the sale from Harrison to Wade [the resale]? A. That I couldn't give you, that, exactly. I'd say somewhere around the sale price of $2900.00, it would be somewhere around $29—$29,000.00. Somewhere around—I mean, $2900.00, in commission. Q. $2900.00 in commission? And there was $1500.00 from the second deed of trust? A. Yes, sir."