[Civ. No. 51288. First Dist., Div. Four. Oct. 30, 1981.]

ALINDA V., a Minor, etc., Plaintiff and Appellant, v.
ALFREDO V., Defendant and Respondent.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien and William D. Stein, Assistant Attorneys General, Gloria F. DeHart, Mary Roth, W. Eric Collins, Herbert F. Wilkinson and Jamie Jacobs-May, Deputy Attorneys General, for Plaintiff and Appellant.

Charles K. Marr for Defendant and Respondent.

OPINION

**CALDECOTT, P. J.**—Plaintiff, Alinda V., a minor by her guardian ad litem, appeals from a judgment declaring that defendant-respondent, Alfredo V., is not her father.

Plaintiff commenced this action against defendant for support and to establish paternity. At trial, plaintiff's mother testified that she and defendant had intercourse resulting in plaintiff's conception. Defendant testified that he did not have intercourse with plaintiff's mother until after plaintiff's conception. Plaintiff, plaintiff's mother and defendant took a human leucocyte antigen paternity test (also referred to as an HLA Tissue Typing Test) which was evaluated at the University of California, Los Angeles School of Medicine, Department of Paternity Evaluation and the results did not exclude defendant as the father. The court found that the probability of defendant's paternity of plaintiff was testified to as having been calculated by the University of California at Los Angeles, School of Medicine, Department of Paternity Evaluation, as being 98 and 95/100 percent (98.95 percent). The court also found (finding of fact 11) "[t]he statistical result of the HLA Tissue Type Test which expresses the probability of paternity was inaccurate and hence is not entitled to any substantial evidentiary weight."

Appellant contends that the trial court's finding of fact 11, is unsupported by the evidence. When the sufficiency of the evidence is challenged on appeal, all factual conflicts must be resolved in favor of

the respondent and all reasonable inferences drawn to uphold the judgment. Generally, the appellate court looks only to the evidence supporting the prevailing party and disregards the contrary showing. (*Munoz* v. *Olin* (1979) 24 Cal.3d 629, 636 [156 Cal.Rptr. 727, 596 P.2d 1143]; *Campbell* v. *Southern Pacific Co.* (1978) 22 Cal.3d 51, 60 [148 Cal.Rptr. 596, 583 P.2d 121]; *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925 [101 Cal.Rptr. 568, 496 P.2d 480].)

Appellant argues that "the court erred in finding that the HLA test results were not entitled to substantial evidentiary weight by reason of inaccuracy." Appellant, however, misquotes the court's finding. The court found that the *statistical* result of the test which expresses probability of paternity was inaccurate, i.e., the defendant's probability of paternity of plaintiff as being 98.95 percent.

There is a very material difference between the test result and the statistical result of probability of paternity. The evidence was uncontradicted that an HLA test could show that a defendant biologically could not be the father or it could show that a defendant is biologically within the class that could be the father. A blood test could not show that the defendant was the father.

Here the evidence showed that defendant was of the class that biologically could be the father of plaintiff. The evidence further showed that this blood type is present in only 52 out of 10,000 Mexican-American males, thus it is a very limited type. The court did not find the result of the test to be inaccurate.

The court, however, properly found that the statistical result of the test, which stated that there was a 98.95 percent probability of defendant's paternity of plaintiff was inaccurate and not entitled to any substantial evidentiary weight. This evidence was presented by the medical technologist from the university laboratory whose knowledge of the case was limited to the blood typing. She did not know the extent or nature of the other evidence to be introduced at trial and she was not in a position to weigh the evidence and make a mathematical determination of the probability of paternity. The trial court's finding of fact was correct.

Appellant further argues that as the judge found the statements of the mother and defendant to be "equally credible" that the result of the HLA test tipped the scales in favor of appellant. We note that the

court found the statements were entitled to "equal credibility" but it did not say how much weight was to be given to this evidence. Turning to the announcement of intended decision, which can be used to support the judgment, we find that although the credibility may have been equal, it was not weighty. The announcement states "the Court does not find . . . the credibility of the child's mother so believable as to warrant a finding of paternity." The announcement further states, "In weighing the testimony, the proof [of paternity] was not sustained in this Court's opinion." The law is well settled that where the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is any substantial evidence to support them; we have no power to judge the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom. (*Overton* v. *Vita-Food Corp.* (1949) 94 Cal.App. 2d 367, 370 [210 P.2d 757]; *Buckhantz* v. *R. G. Hamilton & Co.* (1945) 71 Cal.App.2d 777, 779 [163 P.2d 756]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 245, p. 4238.)

Thus the court found that the testimony of the mother was insufficient to warrant a finding of paternity, that the HLA test merely proved that biologically it was possible for the defendant to be the father and that proof of paternity was not sustained.

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied November 17, 1981, and appellant's petition for a hearing by the Supreme Court was denied January 7, 1982. Bird, C. J., and Kaus, J., were of the opinion that the petition should be granted.