Filed 7/9/14  Marriage of Gupta CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of NEELAM and RAJIV GUPTA. | |
| NEELAM S. TATHAGAT,<br><br>    Appellant,<br><br>        v.<br><br>RAJIV GUPTA,<br><br>    Respondent. | G049222<br><br>(Super. Ct. No. 13D004976)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Glenn R. Salter, Judge.  Affirmed.

Neelam S. Tathagat, in pro. per., for Appellant.

Rajiv Gupta, in pro. per., for Respondent.

\*          \*          \*

Neelam S. Tathagat (wife) filed for dissolution of her marriage to Rajiv Gupta (husband). Wife gave birth to two sons during the marriage. This appeal concerns the trial court's determination of parentage.

Wife claimed husband is not the boys' father. She requested the court order sperm viability testing. Husband objected to such testing, but consented to DNA testing. The results of the DNA tests indicated husband is the father of both boys. Although wife maintained husband was not the father, when asked who the father is, if it is not husband, she remained silent and refused to answer the court. In a brief filed in this court, wife states she never had a sexual relationship outside the marriage. We find the court did not err in finding husband is the father of the boys.

I

FACTS

According to wife's petition for dissolution of marriage, she and husband were married in India in December 1996, and again in Pittsburgh in February 1997. They did not separate until October 7, 2011. In the interim, wife gave birth to a son in 1998 and another in 1999. When she filed the petition for dissolution, she also filed a declaration stating husband is not the father of the boys. Wife requested the court order a sperm viability test and DNA testing. Husband objected to sperm viability testing, pointing out he conceived the boys 13 and 15 years earlier. He agreed to undergo DNA testing. The court ordered DNA testing.

At the hearing on the issue of paternity, wife continued to insist husband is not the father, but refused to answer the court's inquiry as to who the father is if not husband, and offered no evidence on the issue. Upon reviewing the test results, the court found husband to be the father of the boys. According to the record on appeal, the DNA test indicated the odds that the boys' father is someone other than husband are 623 million to one. The court stated the DNA results established husband's paternity at 99.99 percent. Wife appealed.

2

## II

## DISCUSSION

Wife appears in propria persona in this matter, as she was below, and has filed what purports to be an opening brief. The brief does not comply with California Rules of Court, rule 8.204(a)(1)(C) and is a prime example of why parties should be represented by experienced counsel. Despite this failure, we address the issue of paternity, given both parties have appeared without counsel, husband's brief lacks compliance as well, and the issue of paternity needs to be resolved once and for all.

That having been said, we point out the appeal is from the trial court's August 26, 2013 order finding husband to be the father of the couple's two boys. The issue is whether the trial court erred in reaching that conclusion, *not* whether the trial court subsequently erred in making custody orders, protective orders, or orders for a mental health examination. Wife has not appealed from any subsequent rulings and we do not consider such issues. Neither will we address why this court entered particular orders on other appellate matters arising out of the dissolution proceedings, for those issues are not properly before us in this appeal.

The only issue before us, the court's order finding husband to be the father of the boys, is presumed correct. (*Hall v. Municipal Court* (1974) 10 Cal.3d 641, 643.) As appellant, wife has the duty to present an adequate record to address her claims of error (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 563) and the burden of demonstrating reversible error (*Lewis v. City of Benicia* (2014) 224 Cal.App.4th 1519, 1523, fn. 3).

"The law is well settled that where the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is any substantial evidence to support them; we have no power to judge the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may

3

be drawn therefrom. [Citations.]" (*Alinda V. v. Alfredo V.* (1981) 125 Cal.App.3d 98, 102.) "'"'All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown.'"' [Citation.]" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140.) In other words, we uphold any express or implied factual findings of the trial court supported by substantial evidence. (*People v. Robinson* (2010) 47 Cal.4th 1104, 1126.) Substantial evidence is evidence that is "'reasonable, credible, and of solid value.'" (*People v. Hillhouse* (2002) 27 Cal.4th 469, 496.)

Because the boys were born to wife during her marriage to husband, husband is presumed to be their father. (Fam. Code, § 7611, subd. (a).) The presumption is rebuttable by clear and convincing evidence he is not the father. (Fam. Code, § 7612, subd. (a).) "In a civil action or proceeding in which paternity is a relevant fact, the court may upon its own initiative or upon suggestion made by or on behalf of any person who is involved, and shall upon motion of any party to the action or proceeding made at a time so as not to delay the proceedings unduly, order the mother, child, and alleged father to submit to genetic tests." (Fam. Code, § 7551.) The court ordered genetic testing. The results of the tests indicated a 99.99 percent chance husband is the father of both boys. The court accepted the test results and found husband is the father of the boys born to wife during their marriage.

Wife failed to demonstrate the DNA evidence was not reasonable, credible, or of solid value. The fact that she did not agree with the results of the DNA tests did not impeach the results. The only evidence husband is not the father consisted of wife's bald assertion, which was undermined by her repeated refusals to identify who the father is if it is not husband. Wife told the trial court she would name the person at the appropriate time, but the appropriate time was at the hearing on the issue of paternity when the court asked wife who she claims the father to be. The court clearly did not accept wife's assertion, as evidenced by its repeated effort to have her provide the name of the man, by

4

finding husband to be the biological as well as presumed father, and the fact that at the end of the hearing the judge ordered wife to undergo mental health testing.  Husband's status as the presumed father, taken together with the DNA test results provide substantial evidence supporting the trial court's decision.

Wife contends the laboratory used the wrong formula for computing the combined paternity index, the probability that a randomly selected individual of husband's race would have DNA consistent with that attributed to husband.  (See *People v. Her* (2013) 216 Cal.App.4th 977, 979-980.)  Presumably she also contends the erroneous calculations invalidate the test results.  However, this issue was not brought to the trial court's attention at the paternity hearing.

Generally, the failure to raise an issue in the trial court forfeits the issue for appellate review.  (*People v. Saunders* (1993) 5 Cal.4th 580, 589.)  The purpose of the rule is to provide the trial court with an opportunity to rule on the issue.  (*Performance Plastering v. Richmond American Homes of California, Inc.* (2007) 153 CalApp.4th 659, 668, fn. 3.)  The rule applies so an appealing party "'may not deprive [her] opponent of an opportunity to meet an issue in the trial court by changing his theory on appeal . . . .' [Citations.]" (*Resolution Trust Corp. v. Winslow* (1992) 9 Cal.App.4th 1799, 1809.)  A contrary rule would encourage parties to sandbag in the trial court, hoping for reversal on appeal.  By failing to raise the issue in the trial court, wife forfeited the issue on appeal. (See *Kolani v. Gluska* (1998) 64 Cal.App.4th 402, 412.)[1]

In addition to having failed to bring the issue to the trial court's attention, wife's brief refers to arguments made in an earlier writ petition, but not reiterated in her

---

[1] Wife asks us to set a hearing so she may present her analysis regarding the combined paternity index formula.  The proper time to present the analysis, however, was in the trial court.  We then would have been able to review the lower court's decision on that issue.  (*In re James V.* (1979) 90 Cal.App.3d 300, 304 ["appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of maters which were before the trial court for its consideration"].)

opening brief.  An opening brief that incorporates by reference arguments or facts contained in an earlier proceeding does not comply with California Rules of Court, rule 8.204(a)(1)(B)'s requirement to "support each point by argument and, if possible, by citation of authority."  (See *Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 290.)  Because the issue was not presented to the trial court and wife did not brief the issue in her opening brief, we do not address the issue.

Wife also complains the trial court should have required Y chromosome testing, which she claims she has been requesting since October 23, 2013.  Again, wife forfeited this argument as well by failing to raise it in the trial court at the paternity hearing on August 26, 2013.  The issue would be without merit in any event.  It must be remembered the husband's status as the presumptive father may only be overcome by clear and convincing evidence that he is not the biological father.  (Fam Code, § 7612, subd. (a).)  Husband was clothed with the presumption of paternity because he and wife were married when the boys were born and did not separate until years later.  In addition to the presumption and husband's statement that he is the boys' father, the DNA test results indicated a 99.99 percent certainty he is the boys' father.  Based on this state of the evidence, there was no reason to subject the parties to further testing.

Wife also claims the DNA test administered in this matter "cannot prove" husband is the biological father, because the test results only mean an individual can or cannot be eliminated as the possible father.  While the test result cannot state positively husband is the father—it allows that there may be one out of more than 623 million randomly selected individuals who may be the father—the test still supplied compelling evidence supporting the preexisting presumption that husband is the father.  If DNA testing may be used to prove beyond reasonable doubt a defendant's guilt in a criminal prosecution (see *People v. Henerson* (2003) 107 Cal.App.4th 769, 788; *People v. Axell* (1991) 235 Cal.App.3d 836, 869), there is no reason it cannot be used to establish

6

husband's paternity. (See *In re Zacharia D.* (1993) 6 Cal.4th 435, 441-442 [DNA test indicated 99.9 percent chance man was child's father].)

Being the presumed father, husband was under no burden to bring forward evidence of his paternity. It was wife's burden to introduce clear and convincing evidence he is not the father. (Fam. Code, § 7612, subd. (a).) Wife failed to carry that burden. She produced no evidence to the effect husband is not the father—other than her bald statement, which the court clearly rejected.

Wife asserts a sperm viability test would demonstrate husband is sterile and could not have fathered the two boys. Wife made the request when the boys were already 13 and 15 years old respectively. Even were we to assume the test results would show husband is presently sterile, that would not mean or even suggest he was sterile when the boys were conceived well over a decade earlier. Wife cites no any authority to the contrary. Accordingly, the court did not abuse its discretion in refusing to make husband undergo the test.

Wife's obligation was to affirmatively establish error. (*Ketchem v. Moses*, *supra*, 24 Cal.4th at pp. 1140-1141.) She failed to carry that burden here. The evidence of paternity was conflicting. Husband claimed to be the father and his claim was supported by DNA test results. Wife, on the other hand, claimed husband was not the father, but she not only failed to introduce any evidence to support her claim, she repeatedly refused to identify the person who could be the father. This conflict in evidence presented a question of fact for the superior court judge to resolve. (*Gallina v. Antonelli* (1963) 220 Cal.App.2d 63, 64.) We cannot say the court erred in finding husband to be the father.

Moreover, even were we to assume an error occurred along the way, wife has failed to demonstrate prejudice. In addition to admitting the boys were born during her marriage to husband, she stated in briefing that at the time of the boys' births she did not know husband "was not the biological father of" the boys. More damaging to her

7

position, she represented "She was faithful to her marriage right from the day she got married [to husband] . . . and was not involved in any extra-marital relationship with anybody outside the marriage."  If she had no extra-marital relationship during the marriage and the boys were born during the marriage, there is no reason to doubt husband's paternity of the boys.

III

DISPOSITION

The judgment is affirmed.  Husband is entitled to his costs on appeal.


MOORE, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.